33798. CONTRERAS et al. v. THE STATE.

Hall, Justice.

Vicki and Juan Contreras were convicted of murdering their father, forging his paycheck, concealing his death and tampering with the evidence. The trial court sentenced both to life imprisonment for the murder and to shorter sentences for the other crimes to run concurrently with the life sentence. They appeal from their conviction and from their denial of a motion for a

new trial. We affirm.

1. Appellants enumerate as error the general grounds that the verdict is contrary to the law, the evidence and the weight of the evidence.

When this court reviews a jury verdict on appeal, we find that the evidence supports the verdict if any evidence exists in the record to support the conclusion of the jury. *Proctor v. State,* 235 Ga. 720 (221 SE2d 556) (1975).

In this case, the evidence was sufficient for the jury to find that the victim arrived home from work around 5 p.m., Friday, August 6, 1976, and quarreled with appellants who then killed him with repeated blows to the head. Appellants, with a younger sister and brother, then fled the home, using their father's red station wagon. They passed their neighbor, George Patterson, in his truck by the roadside where he had fallen asleep after attempting to repair the truck. Patterson testified that Juan woke him up and said that he had killed his father. Patterson then drove the red car with the four Contreras children to his home, stopping once at Juan's request so that Juan could throw a hammer and stick out of the car. After spending the night at Patterson's house, appellants signed their father's name to his payroll check, drove into Jasper and cashed it.

Appellants went to a dance that Saturday night with Patterson where Patterson obtained the aid of Ronnie Moss in disposing of the body. Juan and Patterson returned to the Contreras residence, placed the body on the back floor board of the station wagon and drove to Cove Mountain Road. Patterson siphoned gas from the gas tank which he put on the body and on the back interior of the station wagon, set the car afire and pushed it off the cliff. Ronnie Moss then took appellants and Patterson back to the Contreras' house where a mattress, bedsprings and rug were loaded into the back of Moss' truck and were taken to be burned. Patterson testified that the porch was hosed down that night.

On Sunday morning the Contreras children returned home. When Patterson went over to return some of the things they had brought to his house, he found appellants and the other children scrubbing the walls and floors with ammonia.

When law enforcement officials found the burning car, they ordered an autopsy which showed that the victim had died from blows to the head some time before the car was set afire. A criminal investigation was begun. For several days that week, appellants told law enforcement officials different versions of the events of Friday and Saturday in an attempt to conceal the crime.

These facts support the verdict, and appellants' first three enumerations of error are without merit.

2. Appellants' fourth enumeration of error is that the trial court improperly admitted evidence which was produced by an illegal search. Defense counsel timely objected at trial.

At the time of trial, Connally v. Georgia, 429 U. S. 245 (97 SC 546, 50 LE2d 444) (1977) had been decided. At the time of the search on August 13, 1976, the Supreme Court had not yet decided the Connally case, and this court had recently upheld the state statute involved. *Connally v. State,* 237 Ga. 203 (227 SE2d 352) (July 9, 1976). In Connally, the Supreme Court ruled that the Georgia scheme of compensating a justice of the peace for the issuance of a search warrant but not for failure to issue a warrant violated the Fourth Amendment's requirement that a "neutral and detached" magistrate determine if probable cause for a search exists. Once a court determines that law enforcement officials have conducted an illegal search, the court under the exclusionary rule must suppress the evidence which the search produced.

Appellants contend either that this case does not present the issue of the retroactivity of the Supreme Court's decision or that the decision should be applied retroactively. We find that the issue is squarely presented and the exclusionary rule will not be applied to searches illegal under Connally, which occurred prior to the date of decision by the Supreme Court.

Our decision is guided by that of the Supreme Court in United States v. Peltier, 422 U. S. 531 (95 SC 2313, 45 LE2d 374) (1975), holding that the exclusionary rule would not apply to searches which occurred before the date of decision of Almeida-Sanchez v. United States, 413 U. S. 266 (93 SC 2535, 37 LE2d 596) (1973).

In Peltier, the court noted that the two major rationales of the exclusionary rule were not offended through failure to extend the decision retroactively. First, the deterrent effect of the exclusionary rule is served by prospective application only. Second, judicial integrity is not offended through the use at trial of evidence seized by law enforcement officials who reasonably and in good faith believed that their conduct was in accord with prevailing constitutional norms. Good faith in Peltier was established through statutory authorization, administrative regulations and judicial decisions.

We hold that the trial court correctly did not apply the exclusionary rule in this case because Connally v. Georgia, supra, had not been decided when the search occurred and because the law enforcement officials relied, in good faith, on statutory authorization, Code Ann. §§ 24-1601, 27-303, 27-401, and on the July 1976 decision of this court, *Connally v. State,* supra. We note that the Court of Appeals has reached a similar conclusion on the issue of the retroactivity of *Connally.* E.g., *State v. Patterson,* 143 Ga. App. 225 (237 SE2d 707) (1977). For these reasons, appellants' fourth enumeration of error is without merit.

3. Appellants allege error because, in closing argument, the trial court permitted the district attorney to comment on appellants' failure to produce their sister Laura Contreras as a witness.

Appellant Juan Contreras' testimony indicated that Laura was present in the house when the fatal incident occurred and that he knew where she was at the time of trial. Since Laura was competent to testify, the prosecutor could properly argue to the jury the inference to be drawn from appellants' failure to produce her as a witness. *Dorsey v. State,* 204 Ga. 345 (3) (49 SE2d 886) (1948); *Montgomery v. State,* 140 Ga. App. 286 (3) (231 SE2d 108) (1976).

Appellants' fifth enumeration of error is without merit.

4. Appellants enumerate as error the trial court's charge on conspiracy. We have carefully considered the court's repeated instructions to the jury on the law of conspiracy and find this enumeration of error to be without merit.

*Judgment affirmed. All the Justices concur.*

Submitted July 7, 1978 — Decided
October 17, 1978.

William G. Hasty, Jr., Baker, Conrad & Abernathy,
*Elliott R. Baker,* for appellants.

*Frank C. Mills, III, District Attorney, Rafe Banks, III,
Assistant District Attorney, Arthur K. Bolton, Attorney
General, Susan V. Boleyn, Assistant Attorney General,* for
appellee.

*Judgment affirmed. All the Justices concur.*