62775. MILLER v. THE STATE.

BIRDSONG, Judge.

Eugene Miller was convicted of rape and sentenced to twenty years, fifteen to serve and five to follow on probation. He brings this appeal enumerating four alleged errors. *Held:*

1. Under the facts presented to the jury, that body was warranted in concluding that about 5:00 a.m. the victim was awakened by the noise of someone forcibly entering her trailer through the front door. The victim went to investigate the noise and met the appellant Miller moving down a hall in the trailer holding a rifle. Miller in plain language informed the victim that he intended to have intercourse regardless of her wishes. The victim had known Miller most of his life and had absolutely no doubt as to appellant's identity. There is no contest that the victim was indeed raped. Miller was apprehended later during the day and a rifle was recovered from the room in which he had been asleep. Miller's testimony was that he had been out on the town with friends the entire evening. He had drunk one beer and returned home about 4:30 a.m., gone to bed, and fallen asleep. He had not seen the victim for a month or two.

2. During the state's cross examination of Miller, he was asked why he had not called his friends as witnesses to corroborate his story that he had been out partying all evening and returned home at about 4:30 a.m. Miller urges that this amounts to a comment on his right to silence and violated his right to a fair trial. Appellant misconceives the purpose of the testimony. Miller did not remain silent but testified fully. It has been held not to be error to comment on the absence of what appears to be a vital defense witness. Thus it is proper to ask a defendant who testifies in his own behalf, why he has not subpoenaed a witness that could corroborate his testimony. *Contreras v. State,* 242 Ga. 369, 372 (3) (249 SE2d 56); *Weaver v. State,* 145 Ga. App. 194, 196 (4) (243 SE2d 560). There is no merit in

this enumeration.

3. In his second enumeration of error, appellant argues that he was deprived of effective assistance of counsel because of appointed counsel's tactical trial decisions. We have examined the four examples of counsel failure offered by appellant as illustrative of inadequacy, and find each to be intrinsically hollow. Although appellant argues that counsel refused to subpoena his friends as witnesses, Miller himself testified that he did not consider the testimony important. That observation was warranted for Miller's testimony as well as that which could have been offered by the absent witnesses did not establish a defense to the rape. Miller was home by 4:30 a.m. He lived close to the victim and the rape did not occur until 5:00 a.m. or later. Miller further complained that appointed counsel did not cross examine concerning the voluntariness of his statement. In the first place the statement was completely exculpatory and useful in his own defense. It was preceded by a full and complete Miranda warning. Miller does not indicate in his appeal what elements of coercion (if any) or other factors of lack of voluntariness could have been explored. In short, appellant has shown in no way how the decision not to contest voluntariness was harmful or was not an appropriate tactical decision. The third example was the failure to object to evidence that appellant did not appear when his case was first called for trial. Again this is nothing more than a tactical decision, as such an objection might have tended to highlight Miller's concern over a pending trial. The evidence clearly was admissible. Evidence that a defendant, on bail, failed to appear for trial is evidence of flight. *Johnson v. State,* 148 Ga. App. 702, 703 (1) (252 SE2d 205). Admission of the appearance bond was no more error than was the testimony that appellant failed to appear for his court appearance. Lastly, Miller urges ineffective assistance because his counsel did not object to examination disclosing that Miller did not agree to a blood test. This resulted from appellant's cross examination of the state's forensic expert that no blood type was requested by the state from the seminal fluids removed from the victim. Even if we assumed, arguendo, that it was error to allow the state to inquire into this area in an effort to rehabilitate its expert witness, we would conclude that the error was harmless beyond a reasonable doubt for it is highly probable that the error did not contribute to the verdict of guilty. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869). Appellant was not entitled to "errorless counsel" nor to evaluate tactics judged by hindsight. He was entitled to counsel reasonably likely to render and one rendering reasonably effective assistance. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515). That Miller's counsel on appeal might have tried the case at trial using different

tactics does not render appellant's trial counsel ineffective. *Harrell v. State,* 139 Ga. App. 556, 558 (3) (228 SE2d 723). Our perusal of the transcript discloses a reasonable defense was afforded the appellant.

4. In his third enumeration of error, appellant presents the general grounds. We find this enumeration to be wholly without merit. Though the evidence as to appellant's presence and identity was in conflict, we conclude that any reasonable trier of fact could conclude beyond a reasonable doubt that the evidence established appellant's guilt of the crime of rape. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

5. In his last enumeration of error, Miller urges that the trial court erred in refusing to grant his motion for post conviction bond. The trial court conducted a hearing on this motion and concluded that Miller was likely to commit a serious felony if admitted to bail. Evidence at the hearing showed that in February, 1978, Miller pled guilty to auto theft and was placed on probation. A month later he violated probation by committing another theft and assaulting a police officer with a knife. Six months after his release from confinement, appellant committed the present rape. We hardly can conclude that there is no evidence in support of the trial court's conclusion that Miller has a propensity to commit serious felonies.

An affirmative response by the trial court to any one of the four questions posed by *Birge v. State,* 238 Ga. 88 (230 SE2d 895) will support denial of a motion for an appeal bond. *Moore v. State,* 151 Ga. App. 413 (260 SE2d 350). We find no merit in this enumeration.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED JANUARY 7, 1982.

*John E. Pirkle,* for appellant.

*Dupont K. Cheney, District Attorney, Michael Taff, C. Paul Rose, Assistant District Attorneys,* for appellee.