## 72043. LASTER v. THE STATE.
(345 SE2d 78)

CARLEY, Judge.

Appellant was tried by a jury and found guilty of aggravated assault, possession of a firearm during the commission of a crime, carrying a deadly weapon to a public gathering, and discharging a firearm on the property of another. He appeals the judgment of conviction and sentence entered on the verdict.

1. Appellant enumerates as error the denial of his motions for mistrial. The first motion was made when, during the State's cross-examination of appellant, the prosecutor questioned appellant's fail-

ure to produce a certain individual as a witness for the defense. Appellant had earlier testified that the individual would support his testimony. The prosecutor was entitled on cross-examination to ask appellant why the witness had not been called. *Weaver v. State*, 145 Ga. App. 194, 196 (4) (243 SE2d 560) (1978). The second motion for mistrial was made when, during his closing argument, the prosecutor commented on the missing witness. "Although the prosecutor is prohibited from commenting on the defendant's failure to testify, the prosecutor can argue to the jury the inferences to be drawn from the defendant's failure to produce witnesses . . . who allegedly would give evidence favorable to the defendant. [Cits.]" *Shirley v. State*, 245 Ga. 616, 618 (1) (266 SE2d 218) (1980), cert. denied 449 U. S. 879 (1980). See also *Delvers v. State*, 139 Ga. App. 119, 121-122 (3) (227 SE2d 844) (1976). There was no error.

2. Appellant contends that carrying a deadly weapon to a public gathering and discharging a firearm on the property of another are lesser included offenses of aggravated assault, and that the trial court therefore erred in sentencing him separately for both of those two offenses. However, it is clear that the offenses are not included within the offense of aggravated assault either as a matter of law or as a matter of fact. See generally *Bivins v. State*, 166 Ga. App. 580, 582 (3) (305 SE2d 29) (1983); *Brown v. State*, 168 Ga. App. 537, 538-539 (3) (309 SE2d 683) (1983). The trial court did not err in sentencing appellant for the separate offenses of carrying a deadly weapon to a public gathering and discharging a firearm on the property of another.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 23, 1986.

*Robert H. Revell, Jr.*, for appellant.
*Hobart M. Hind, District Attorney, Britt R. Priddy, Nancy T. Smith, Assistant District Attorneys*, for appellee.