### 74069. WORTH v. THE STATE.
(358 SE2d 251)

BEASLEY, Judge.

The defendant was convicted of sodomy, OCGA § 16-6-2, statutory rape, OCGA § 16-6-3, child molestation, OCGA § 16-6-4 (a) and (b) and enticing a child for indecent purposes, OCGA § 16-6-5. He was sentenced to 20 years each for sodomy, statutory rape (into which child molestation merged) and enticing a child for indecent purposes. He appealed after denial of his motion for new trial.

The defendant lived next door to the 9-year-old victim. Although charged for sexual crimes committed on November 1, 1985, the day before the victim reported him, defendant engaged in sexual activity with the victim for over a year, according to her. She also related that defendant served her Cokes laced with liquor, showed her pictures

including those of women in various stages of undressing, asked her to pose similarly, and regularly exhibited two pornographic movies. She further testified that defendant gave her money, food and presents and threatened her if she should reveal his activities.

1. At the time of defendant's arrest his home was searched. Relying upon information furnished by the victim, the officers discovered a cache of sexually related materials: a dildo which the victim testified he used on her, condoms, photographs, motion picture film and magazines.

During the trial defendant objected to the admission of all the enumerated items. On appeal he focuses primarily on the admission of two packages of condoms, some magazines and three photographs.

Where sexual crimes are tried, exhibits having a tendency to show bent of mind towards sexual activity are generally admissible. *Felker v. State*, 144 Ga. App. 458, 459 (2) (241 SE2d 576) (1978); see *Reese v. State*, 145 Ga. App. 453 (1) (243 SE2d 650) (1978); *Yeck v. State*, 174 Ga. App. 710 (2) (331 SE2d 76) (1985). This predicate effectively disposes of any issue regarding the admissibility of the condoms, magazines and one photo of a scantily clad young woman posing provocatively.

A picture of a fully clothed young boy whom defendant said mowed his grass, and one of defendant with his arm around a clothed young woman, remain. Defendant contends they have no relevancy and were submitted solely for their prejudicial effect. As to the photo of the smiling young boy which defendant admits was taken in his house, centered in the background several large liquor bottles are prominently displayed. This tended to corroborate the victim's assertion that defendant had whiskey available to mix in her Coke.

As to the photo of defendant with his arm around a young woman, it was submitted with several other photos depicting a naked defendant, a naked woman, defendant holding the bare breast of a woman, a woman baring one breast, etc. The victim identified them as photos of defendant's "nieces," shown to her because he wanted to take like pictures of her. Beside showing intent, scheme and bent of mind the photos tended to corroborate the victim's testimony concerning defendant being visited for weeks at a time by his young "nieces" who posed for the pictures, and that defendant importuned her to do likewise. Furthermore, as defense counsel admitted when he objected as to relevancy, the photograph was not prejudicial.

Georgia favors the admission of evidence even where its relevancy or competency is doubtful, when it logically tends to elucidate or throw light upon a material issue. *Curtis v. State*, 102 Ga. App. 790, 795 (4) (118 SE2d 264) (1960); *LaPann v. State*, 167 Ga. App. 288, 290 (3) (306 SE2d 373) (1983). "[E]vidence is relevant if it renders the desired inference more probable than it would be without the evi-

dence." *Baker v. State*, 246 Ga. 317, 319 (3) (271 SE2d 360) (1980). See *Ball v. State*, 145 Ga. App. 254 (243 SE2d 672) (1978). Under the broad discretion of the trial court, the admission of the evidence clearly was not error. *Tyler v. State*, 176 Ga. App. 96, 99 (2) (335 SE2d 691) (1985).

2. Because the victim testified as to many incidents of defendant's deviant sexual behavior and abuse of her, defendant contends the court should have required the state to specify precisely what instances were applicable to the charges against defendant.

" '[U]nless time is an essential element of the offense charged, the time of the commission of the offense alleged in the indictment . . . is immaterial; and, proof of the commission of the offense at any time prior to the finding of the indictment . . . will sustain a conviction if the proof also establish the commission of the offense within the statute of limitations.' " *Caldwell v. State*, 139 Ga. App. 279, 281 (2) (228 SE2d 219) (1976). Furthermore, evidence concerning other incidents of defendant's sexually abusing the victim was admissible to show intent, motive, plan, scheme and bent of mind. *Payne v. State*, 152 Ga. App. 471, 473 (2) (263 SE2d 251) (1979). Here the victim related that defendant committed the offenses charged on the date set forth in the indictment. Evidence of numerous and regular commission of similar offenses over the course of almost one-and-a-half years previously was properly admitted to show an ongoing and continuing perpetration of sexual abuse towards the victim.

3. When the state called a private physician, the director of a hospital's emergency medicine, who had examined the victim at the request of DFACS shortly after she reported defendant's criminal conduct, defendant objected on the basis that he had not been furnished a copy of the doctor's scientific report as required by OCGA § 17-7-211. After argument, the trial court overruled the objection because defendant failed to show any such report existed. See *Law v. State*, 251 Ga. 525 (2) (307 SE2d 904) (1983); *State v. Mulkey*, 252 Ga. 201 (1) (312 SE2d 601) (1984). Defense counsel had protested not being allowed to show there was a written report and during cross-examination brought out that the doctor was referring to an "emergency room record," parts of which he had made out contemporaneously with his examination of the victim.

The report was not in the state's possession prior to trial, but the prosecuting attorney assumed the doctor had a written record of the victim's examination. He had told the defense attorney, the week before trial, about this and what he expected the doctor to testify, and he advised him to see the doctor to check on this. Defense counsel did not do so but subpoenaed the doctor as a witness.

OCGA § 17-7-211 provides for the exclusion from evidence of the requested report and proof pertaining thereto where the "scientific

report is in the possession of or available to the prosecuting attorney." See *Luck v. State*, 163 Ga. App. 657 (2) (295 SE2d 584) (1982); *State v. Madigan*, 249 Ga. 571, 573 (1) (292 SE2d 406) (1982), disapproved on other grounds, *Law v. State*, supra at 528 (1).

(a) First is whether this was a scientific report within the meaning of the code section. *State v. Mulkey*, supra at 203 (2), held: "it is clear that the reports enumerated in subsection (a) are tests which generally are carried out during the course of the investigation of a crime." A physical examination of a victim of rape or other sexual abuse is standard when allegation of such an experience is brought to the attention of authorities or a child's custodian. Although it is not usually conducted by one connected with law enforcement (as the state crime laboratory) or by a public official (as an autopsy by a medical examiner), the emergency room record of the exam is within the *Mulkey* terminology and therefore can be considered within the purview of OCGA § 17-7-211. This conclusion is buttressed by the purpose of the statute, as discerned by the Supreme Court of Georgia in *Mulkey*, supra at 204: "by giving the defendant a pre-trial opportunity to evaluate and verify scientific reports which will be introduced at trial, the discovery statute was intended to insure the integrity of those reports, thereby facilitating the truth-seeking function of the trier of fact."

(b) Next is whether the record was "available" to the district attorney, for it was not in his possession.

In *Luck v. State*, supra at 658 (2), the district attorney was informed of a report by the state crime lab which information was communicated to defendant. However, the district attorney did not actually receive the written report until the day before trial. We held that an existing scientific report in the possession of the state crime lab was "available" to the district attorney and should have been forwarded in response to defendant's demand.

Documents are available to the prosecuting attorney under OCGA § 17-7-211 when, although not in his possession, they are subject to his control or at least are more readily available to him than to defendant. These include documents held by various support groups to the criminal investigation. They are routinely obtained and the prosecuting attorney may not, by the expedient of leaving them with the originating body, contend they are not in his possession or available to him. But does this statute encompass every report prepared by a potential witness for the prosecution? What if the prosecution in good faith intends to use only the testimony of the witness? Must it act as an agent of discovery for defendant, gathering for him materials it has no intention of using? This question was addressed in *Conklin v. State*, 254 Ga. 558, 566 (331 SE2d 532) (1985), where the court considered the failure to produce a death certificate. The opinion an-

nounced: "We are confident that OCGA § 17-7-211 was not meant to provide sanctions for the failure to provide public information to which the defendant already had access." Although in so stating the Court noted that the item was a public record accessible to all, here the report was expressly made available by the state to the defendant directly from the physician, prior to trial. That defendant did not obtain it does not give rise to non-compliance by the state so as to require exclusion of testimony based in part on the report.

Where the defendant is told of the information or knows as much as the prosecution does and has an equal opportunity to obtain the document from a non-affiliated witness, it is not a violation of the statute for the state to fail to produce it in response to a demand for scientific reports. Applying this here, the state was not obligated to obtain for defendant a copy of the emergency room record.

4. Defendant contends that, because the physician testified that in examining the victim it was obvious she had been sexually active, he should have been allowed to cross-examine her about her prior sexual conduct despite the "rape shield" act, OCGA § 24-2-3.

This code section applies to cases of statutory rape but the exceptions relating to consent and accused's prior participation, OCGA § 24-2-3 (b), are inapplicable. *Barnes v. State*, 244 Ga. 302, 306 (260 SE2d 40) (1979). Thus, without exception, inquiring into the victim's past sexual experiences is *not* permitted. *Decker v. State*, 139 Ga. App. 707 (2) (229 SE2d 520) (1976) (child molestation); *Roberts v. State*, 158 Ga. App. 309 (2) (279 SE2d 753) (1981) (sodomy); *Hill v. State*, 159 Ga. App. 489, 490 (2) (283 SE2d 703) (1981) (statutory rape; testimony as to victim's past sexual encounters irrelevant); *Estes v. State*, 165 Ga. App. 453 (1) (301 SE2d 504) (1983) (incest); *Brown v. State*, 173 Ga. App. 640 (1) (327 SE2d 515) (1985) (statutory rape; defendant wanted to show someone other than he infected the victim).

5. Defendant contends that the court erred in overruling his objection to the prosecution's inquiry of defendant as to why he had not subpoenaed witnesses he stated could have exonerated him on one issue.

On cross-examination the prosecutor was entitled to ask defendant why a witness, or witnesses, had not been called. *Weaver v. State*, 145 Ga. App. 194, 196 (4) (243 SE2d 560) (1978); *Miller v. State*, 160 Ga. App. 832 (1) (287 SE2d 679) (1982); *Laster v. State*, 178 Ga. App. 825, 826 (1) (345 SE2d 78) (1986); *Contreras v. State*, 242 Ga. 369, 372 (2) (249 SE2d 56) (1978).

6. Defendant contends there was no proof of the victim's age because a birth certificate was not introduced into evidence.

Defendant misconstrues the best evidence rule which does not apply where the existence of a fact is in question rather than the con-

tents of a writing. *Willingham v. State*, 134 Ga. App. 603, 606 (3) (215 SE2d 521) (1975). Although a witness' testimony as to his age may be predicated on what he has been told, he is nevertheless competent to give such evidence which is primary proof. *McCollum v. State*, 119 Ga. 308, 309 (1) (46 SE 413) (1903). See *Central R. v. Coggin*, 73 Ga. 689, 696 (4) (1884); *Wright v. State*, 184 Ga. 62, 66 (4) (190 SE 663) (1937). The witness testified that she was nine years old at the time of the offenses and such evidence was sufficient for a rational trier of fact to find this as fact.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 6, 1987 —
REHEARING DENIED MAY 26, 1987 — 

*Griffin E. Howell III*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Anne Cobb, Assistant District Attorney*, for appellee.