76396. PAGGETT v. THE STATE.
(372 SE2d 504)

BEASLEY, Judge.

Defendant was charged with seven counts, two of aggravated sodomy, OCGA § 16-6-2, two of aggravated child molestation, OCGA § 16-6-4 (c), and one each of rape, OCGA § 16-6-1, kidnapping, OCGA § 16-5-40, and child molestation, OCGA § 16-6-4 (a). All related to the abduction, rape and sodomizing of a 13-year-old girl, who was waiting for a bus. After conviction, the court merged the molestation counts with the others.

Defendant's appeal from the denial of his motion for new trial claims error in the admission of the testimony of two expert witnesses, on the ground that their "scientific reports" were not provided to him pursuant to his OCGA § 17-7-211 request, which was timely made.

The first witness, Dr. Galloway, was the pediatric specialist at Grady Hospital who examined the victim the night of the assault. The "scientific report" alluded to was the emergency room medical record made by Dr. Galloway during and immediately after her exam, which documented the patient's history, the physical examination, and the treatment given. The State did not introduce the document. Dr. Galloway used it in preparing for her trial testimony. It is not

clear whether the State had a copy of it or not. The only evidence in this regard is that the investigator who interviewed the doctor by telephone stated equivocally that she did not recall whether she had a copy or not. The doctor stated that when she spoke with the district attorney's investigator, she was "under the impression" that the investigator had a copy.

The State contended that the record was not a "scientific report" under the Code and, therefore, did not have to be provided. The court so ruled. Both were incorrect. An emergency room record is a "written scientific report" although not specifically included in the statutory language. *Worth v. State*, 183 Ga. App. 68, 71 (3 a) (358 SE2d 251) (1987), citing *State v. Mulkey*, 252 Ga. 201, 202 (2) (312 SE2d 601) (1984).

The inquiry then becomes whether it was "available" to the district attorney so that he was required by the statute to obtain a copy and provide it to the defense even though he did not intend to introduce a copy into evidence, since the district attorney may not avoid his obligation under the statute by not obtaining the report and relying solely on the oral testimony based on the report. *State v. Madigan*, 249 Ga. 571, 572 (1) (292 SE2d 406) (1982); *Ramsey v. State*, 165 Ga. App. 854, 856 (2) (303 SE2d 32) (1983); *Luck v. State*, 163 Ga. App. 657, 659 (2) (295 SE2d 584) (1982).

The record was one originated and maintained by a neutral third party. "Where the defendant is told of the information or knows as much as the prosecution does and has an equal opportunity to obtain the document from a non-affiliated witness, it is not a violation of the statute for the state to fail to produce it in response to a demand for scientific reports." *Worth*, supra at 72 (3) (b). The rationale set forth in *Worth*, based on the purpose of the requirement, applies here. Defendant was aware of Dr. Galloway, having been supplied by the State a month before trial with her name as an expected witness and her place of practice. During her testimony, defendant obtained the witness' copy from her and was given a recess to examine it, after which his only request for relief was that the entire testimony of the doctor be excluded. Under these circumstances, denial of the requested relief was not error.

The other objected-to testimony was that of the State Crime Lab serologist. The evidence examined by the lab for blood stains and semen was not delivered to the lab until June 5. There was no written report produced by the lab until the second day of the trial, June 24, at which time the prosecutor gave a copy to defendant's counsel. The prosecutor stated that he called defendant's counsel on June 9 to orally report that the lab had found blood and seminal fluid on his client's clothes. The blood was not typed and matched until June 18. Again the prosecutor called counsel but was unable to reach him. He

told him on Monday, June 22, the day before the trial began, that the blood type was O, consistent with that of both the victim and defendant. Since there was no written report available before the trial, the report itself was not excludable under the statute. *Boyce v. State*, 184 Ga. App. 578, 579 (5) (362 SE2d 229) (1987).

Defendant's argument that there was a plan by the state to deliberately delay delivery of the items to be tested to the lab so as not to comply with his discovery demand is not supported by any evidence. See *McDaniel v. State*, 169 Ga. App. 254, 255 (3) (312 SE2d 363) (1983).

There being no violation of OCGA § 17-7-211, the refusal to exclude the testimony was not error.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED SEPTEMBER 6, 1988.

*Michael R. Schumacher*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, J. Thomas Morgan III, Assistant District Attorneys*, for appellee.