## A89A1254. GARMON v. THE STATE.
### (384 SE2d 278)

BANKE, Presiding Judge.

The appellant was convicted of burglary and criminal attempt to commit child molestation. On appeal, he contends that he was entitled to a directed verdict of acquittal on both charges.

The victim, who was 12 years old at the time of the incident, testified that she awoke in the middle of the night to find the appellant, completely undressed, sitting next to her on her bed. She stated that she persuaded the appellant she had to use the bathroom, whereupon he moved aside to allow her to leave but remained seated on the bed with one hand "covering" his genitals. After the appellant was apprehended, he stated that he had entered the home believing that pornographic movies were being filmed in the house, that an orgy was in progress, and that "everybody was upstairs screwing and that's what I came here for." *Held:*

The denial of a motion for directed verdict of acquittal should be affirmed if any rational trier of fact could have found the "essential elements of the crime beyond a reasonable doubt." *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590) (1981). The offense of child molestation is committed when a person does "any immoral or indecent act to or in the presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4. See *McLamb v. State*, 176 Ga. App. 727 (2) (337 SE2d 360) (1985). A person commits criminal attempt when, with the intent to commit a specific crime, "he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. See *Adams v. State*, 178 Ga. App. 261 (2) (342 SE2d 747) (1986).

Based on the undisputed evidence that the appellant entered the victim's house with the intent to engage in sexual activity and thereupon sat nude on her bed while she was in it, we hold that a rational trier of fact could have concluded beyond a reasonable doubt that he was guilty of criminal attempt to commit molestation. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We accordingly hold that the trial court did not err in refusing to direct a verdict of acquittal either on that charge or on the burglary charge. See generally OCGA § 16-7-1 (a).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JULY 11, 1989.

*Stanley Wade Robbins*, for appellant.

*C. Andrew Fuller, District Attorney*, for appellee.