## A90A0757. WILLIAMS v. THE STATE.
### (396 SE2d 598)

COOPER, Judge.

Appellant was convicted by a jury of possession of cocaine. On appeal, he enumerates as error the denial of his motion to suppress, the denial of his motion for a mistrial, the denial of his motion for directed verdict, and the general grounds.

The evidence, viewed in a light most favorable to support the jury verdict, shows that appellant was a passenger in a car stopped after Officer Anderson observed the car twice weave across the centerlane of a highway. Immediately after the stop, Officer Stewart arrived and the officers began questioning the driver, who along with appellant, had stepped out of the car. The driver could not produce his driver's license, and he was given an alco-sensor test, which registered .05. Appellant, who was answering questions directed to the driver of the vehicle, stated that the car belonged to his girl friend. The officers became suspicious when they obtained conflicting statements from the driver and appellant about where they had been and where they were going. When Officer Stewart asked appellant if he could search the car, appellant's response was to the effect of "yes, sir, boss, help yourself." The officers proceeded to search the car and in a suitcase located in the trunk of the car, they found a paper bag containing a large quantity of money wrapped in small stacks and a 35 millimeter film canister containing a white powdery substance which appeared to be cocaine. Appellant stated that the suitcase was his, and he was placed under arrest. At trial a State witness positively identified the substance found in the film canister as cocaine.

1. Appellant contends that it was error to deny his motion to suppress because he did not consent to the search. It is undisputed that the officers did not obtain written consent to search the car. Appellant testified at the suppression hearing that the officers did not request to search the car and that he did not consent to a search. Officer Stewart testified that he asked appellant if he could search the car and appellant consented. Officer Anderson testified that he heard Officer Stewart ask for permission to search the car and heard appellant unequivocally answer that Officer Stewart had permission to search the car. There is also evidence that appellant directed the driver to give the officers the key to the trunk of the car. " '(T)his court must accept a trial court's rulings on disputed facts and credibility at a suppression hearing, unless those findings are clearly erroneous. (Cit.) In the instant case, the evidence authorized the trial

court's finding that (appellant) had freely and voluntarily consented to the search of (the car).' [Cit.]" *Ragin v. State*, 192 Ga. App. 686 (2) (385 SE2d 770) (1989). Accordingly, we find no error with the denial of appellant's motion to suppress.

2. Appellant enumerates as error the denial of his motion for mistrial made when a State witness made the following statement: "We took 'em all down to the station and at that time we asked the driver if he wanted to give a statement. Asked Mr. Williams if he wanted to give a statement, after they were both read their rights. Both of 'em declined and they both. . . ." The trial court sustained appellant's objection, instructed the jury that the statement should not have been made, and that they should disregard the statement entirely. The court denied appellant's motion for mistrial and further explained to the jury that when the defendant remains silent, he is only doing what he has a right to do and that fact should not influence their decision. " '(U)nder the circumstances here we do not find that the trial court in anywise abused its discretion in the method in which it immediately took steps to correct any improper statements by the witness.' [Cit.]" *Davis v. State*, 157 Ga. App. 290, 291 (277 SE2d 286) (1981).

3. In his third enumeration of error, appellant contends that the trial court erred in denying his motion for directed verdict of acquittal because there was some evidence that the driver of the car may have had access to the suitcase where the contraband was found. " ' "It was not necessary to show that it was impossible for the offense to have been committed by anybody else, or that it might not, by bare possibility, have been done by another." ' [Cits.]" *Johnson v. State*, 126 Ga. App. 93, 95 (189 SE2d 900) (1972) "The denial of a motion for directed verdict of acquittal should be affirmed if any rational trier of fact could have found the 'essential elements of the crime beyond a reasonable doubt.' [Cit.]" *Garmon v. State*, 192 Ga. App. 250 (384 SE2d 278) (1989). Since the evidence was sufficient under the test provided under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) (see Division 4), appellant's motion for directed verdict was properly denied.

4. Appellant also enumerates the general grounds. After a careful review of the entire record, we find that a rational trier of fact could have found appellant guilty beyond a reasonable doubt of possession of cocaine with intent to distribute. *Jackson v. Virginia*, supra.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Hugh J. McCullough*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr.,*

*Assistant District Attorney*, for appellee.