## A90A1002. MORRIS v. THE STATE.
(397 SE2d 159)

BIRDSONG, Judge.

Delwin Morris appeals from his conviction of the offense of cruelty to a child. *Held*:

1. Morris contends that the evidence was insufficient to support the verdict of the jury and that the trial court erred in denying his motion for directed verdict of acquittal. The State presented evidence that Morris and his wife brought their one-month-old daughter to a hospital emergency room about 11:00 p.m. The infant was bleeding from a severe laceration in the mouth and had various bruises and abrasions about the face and body. The radiologist who took X-rays testified that the child had three broken ribs, a fractured skull and a broken collarbone. Her pediatrician was called to the hospital, and she was also examined by a specialist in the field of head and facial plastic surgery. All three doctors and the nurse who admitted the child testified that they immediately suspected that the infant had been battered and notified the sheriff's department and the Department of Family & Children Services. When questioned by the authorities, Morris gave conflicting stories about what had occurred. In a written statement given at 4:00 a.m. after he was taken into custody, he claimed that he had put the infant into her bassinet in the dark, causing her to hit her mouth; at trial he testified that he had tripped and fallen on the baby and when she stopped breathing, he injured her trying to resuscitate her. The mother's testimony corroborated the latter story.

"Since appellant challenge[d] the overruling of [his] motion for directed verdict, we have reviewed the record in light of the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). [Cit.] . . . The evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of cruelty to children. Consequently, the court did not err in overruling appellant's motion for a directed verdict of acquittal. [Cits.]" *Sharp v. State*, 183 Ga. App. 641, 643-644 (5) (360 SE2d 50). It follows that appellant's motion for new trial was also correctly denied.

2. Appellant complains that the trial court erred in "failing to suppress and disallow certain irrelevant and prejudicial testimony" of the investigators from the sheriff's department and the three doctors who treated the infant victim. The trial transcript reveals that the investigators had received specialized training in the study of child abuse, and that all objections made by defense counsel to their testimony were sustained. Even where the relevance or competency of evidence is doubtful, it should be admitted and its weight left to the jury. *Mathis v. State*, 192 Ga. App. 772 (3) (386 SE2d 532). All three of the physicians were qualified as experts in their fields without ob-

jection and their offending testimony was in response to hypothetical questions posed both on direct and cross-examination, to which no objections were raised. "It is well settled that, unless the alleged error is of constitutional dimensions, an error raised for the first time on appeal presents nothing for review by the appellate court. [Cits.] The error raised here does not qualify for the constitutional exception. This enumeration is also without merit." *Brooks v. State*, 193 Ga. App. 559, 561 (2) (388 SE2d 386).

3. Appellant next protests the admission in evidence of scientific reports and testimony pertinent thereto which were not furnished to him prior to trial as demanded pursuant to OCGA § 17-7-211. The only evidence of this sort admitted over appellant's objection was the pediatrician's notes and slides made from the X-rays taken by the radiologist. However, the pediatrician testified that defense counsel had obtained copies of his notes prior to trial and, even if the X-ray slides qualify as scientific reports, they were available to appellant from a neutral third party. " 'Where the defendant is told of the information or knows as much as the prosecution does and has an equal opportunity to obtain the document from a non-affiliated witness, it is not a violation of the statute for the state to fail to produce it in response to a demand for scientific reports.' [Cit.]" *Paggett v. State*, 188 Ga. App. 174, 175 (372 SE2d 504).

4. Appellant contends the trial court's charge on intent prejudicially deprived him of the presumption of innocence and impermissibly shifted the burden of proof to him in violation of *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39). The court instructed the jury that they might infer that a person of sound mind and discretion intends the natural consequence of his acts, but that whether they made any such inference was a matter solely within their discretion. *Sandstrom* does not condemn the use of permissive inferences, which are unconstitutional only if they are "irrational." *Pope v. State*, 256 Ga. 195, 209 (16) (345 SE2d 831). The charge complained of was clearly permissive and was not "irrational."

5. Jury instructions on the issues of expert testimony and circumstantial evidence, enumerated as error by appellant, were correct statements of the law and adjusted to the evidence. No objections to the charge as given nor requests for alternative charges appear in the record and, therefore, no harm or reversible error has been shown. *Worley v. State*, 193 Ga. App. 58 (1) (386 SE2d 879); *Casas v. State*, 193 Ga. App. 53 (387 SE2d 20).

6. Although the record does not reflect that a written request was made to charge the jury on the lesser included offense of simple battery, appellant asserts that the trial court's failure to give such an instruction was error. However, even where the evidence justifies it, " '[a] trial judge never errs in failing to include a charge on a lessor

included offense unless there is a written request to charge.' [Cit.]" *Dorsey v. State*, 192 Ga. App. 657, 658 (2) (386 SE2d 167). We find no grounds for reversal.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 5, 1990.

Ronald E. Nelson, for appellant.
J. Lane Johnston, District Attorney, for appellee.