A91A0594. WRIGHT v. THE STATE.
(405, SE2d 757)

BIRDSONG, Presiding Judge.

George Wright, Jr., appeals his judgment of conviction of possession of cocaine and his sentence.

An officer of the Atlanta Police Department, while conducting surveillance at a "standard known drug location," observed apparent drug sales activity occurring outside Apartment No. 7, "right at the front door" and approximately 25 feet away. The apartment belonged to appellant's sister; appellant did not reside there. The police observed Mr. Demado Brown store some drugs in the apartment awning and conduct approximately 15 apparent drug transactions with individuals; the individuals would give Brown money and he would give them a green baggie. Twice appellant exited the apartment "to help another person buy some dope and go in the [apartment] house with him." Appellant was "about the fourth person [the surveillance officer] saw take another gentlemen up to Mr. Demado Brown and then walk back in the apartment." The police were called in to arrest Brown who was detained, but other black males ran into the apartment to which appellant twice had exited and returned. The surveillance officer saw appellant first look out the bedroom and then the bathroom windows of the apartment, while the police were knocking on the door. Appellant knew it was the police, and three to five minutes later he came to the door, unlocked it, and consented to the search of the apartment. Four hits of cocaine were found in a toothbrush holder in the only bathroom in the apartment, and 200 baggies,

razor blades, marijuana and pipes were found in one of the bedrooms.

Appellant testified he previously had lived at his sister's house. On the day of the incident, he went to the apartment to retrieve his coat. He had been there less than 20 minutes when the police came. He did not see any drugs on the premises. Although he was in the bathroom most of the time he was in the apartment and when the police knocked, he was merely using those facilities. Appellant's girl friend testified she took him to the apartment and picked him up about 15 to 20 minutes later; she previously had seen drugs in the sister's apartment when visiting with appellant. *Held*:

1. " 'The denial of a motion for directed verdict of acquittal [where, as here, the motion is grounded on insufficiency of the evidence] should be affirmed if any rational trier of fact could have found the "essential elements of the crime beyond a reasonable doubt." ' " *Williams v. State*, 196 Ga. App. 682, 683 (3) (396 SE2d 598), citing *Garmon v. State*, 192 Ga. App. 250 (384 SE2d 278); compare *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436). When this appellate standard is found to exist, we are per force finding that the evidence does *not* demand an acquittal as a matter of law (compare *Whatley v. State*, 196 Ga. App. 73, 76 (3) (395 SE2d 582)). "Since the evidence was sufficient under the test provided under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) . . . appellant's motion for directed verdict was properly denied." *Williams*, supra; *Morris v. State*, 196 Ga. App. 811 (397 SE2d 159). On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of which convicted. *Jackson v. Virginia*, supra. The trial court did not err in denying the motion for directed verdict.

2. Appellant asserts the trial court erred in instructing the jury repeatedly on constructive possession in light of the evidence presented at trial. Initially, we observe that one of the court's charges on constructive possession is a verbatim recitation of appellant's request for instruction number 10. The giving of this charge obviously would contribute to any alleged repetitiveness of instructions regarding constructive possession. On appeal, one cannot complain of a judgment, order, ruling, or charge that his own procedure or conduct aided in causing, nor of a verdict brought about by a charge he requested. *Morrison v. State*, 147 Ga. App. 410 (4) (249 SE2d 131); see generally *Hawkins v. State*, 195 Ga. App. 739 (2) (395 SE2d 251); compare *Taylor v. State*, 195 Ga. App. 314 (4) (393 SE2d 690) (failure

to charge caused by own trial tactics, procedure and conduct).

Additionally, contrary to appellant's assertions the indictment does not aver the cocaine offense was committed only by the accused's actual possession of that drug. The indictment avers the accused "did unlawfully possess and have under his control cocaine." " 'The law recognizes two kinds of possession, actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it.' " *Lockwood v. State*, 257 Ga. 796, 797 (364 SE2d 574). Count one of the indictment on its face does not aver only "direct physical control" and thus only actual possession. " 'A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it.' " *Lockwood*, supra 797 at fn. 1. "Control" as used in statutes making it unlawful for any person to possess or control any narcotic drug "also has been defined to relate to authority over what is not in one's physical possession." Black's Law Dictionary (5th ed.), p. 298. Thus, it is clear that the word "control" contained in the averment of count one was being used in its broadest sense to include both the form of control found in actual and in constructive possession. " 'The difference between actual and constructive possession . . . is most assuredly one of degree.' " *Alvarado v. State*, 194 Ga. App. 781, 782 (391 SE2d 668), affirmed 260 Ga. 563 (397 SE2d 550). Evidence was introduced at trial from which the jury could find appellant to be in constructive possession of the drugs. Based on the posture of the evidence and the crafting of this averment, we do *not* find that the so-called repetitive instructions on constructive possession, which included one charge verbatim as requested by appellant, gave rise to reversible error.

Appellant's assertion that the State failed timely to request an instruction on the lesser included offense of possession of cocaine is not reasonably included within the enumeration of errors. "An enumeration of error cannot be enlarged to include other issues not made therein." *Reese v. State*, 139 Ga. App. 630, 631-632 (229 SE2d 111).

3. After the jury reported it was deadlocked and could not reach a verdict that evening, appellant requested the jury be instructed that "no juror is required to surrender his or her honest opinion because of the honest different opinion of another juror or other jurors for the purpose of reaching a unanimous verdict." The trial court denied the request stating it would be covered in any subsequently given *Allen* charge. The next morning the trial court gave an *Allen* charge, but did not include a verbatim recitation of the charge requested by appellant. However, the body of the *Allen* charge does include the following: "Members of the jury . . . I deem it proper to advise you further in regard to the desirability of agreement, *if possible*. . . . It is

the law that a unanimous verdict is required. *And while this verdict must be the conclusion of each juror and not a mere acquiescence of the jurors in order to reach a verdict,* it is still necessary for all of the jurors to examine the issues and questions submitted to them with candor and fairness and with a proper regard for and deference to the opinion of each other. . . . *The aim* ever to be kept in view *is the truth* . . . and examine your differences in the spirit of fairness and candor and *try* to arrive at a verdict." (Emphasis supplied.) "While the instruction [given] expressed desirability of agreement, in no way did it tend to force agreement." *Ratcliff v. Ratcliff*, 219 Ga. 545, 549 (134 SE2d 605). "The language of the charge itself was not coercive." *Black v. State*, 255 Ga. 668, 671 (2) (341 SE2d 436). Moreover, the language of the *Allen* charge adequately apprised each juror of his or her obligation to reach the truth and not merely to acquiesce to the conclusions of other jurors; inherent in such a charge is a requirement that the juror not surrender his or her honest opinion merely for the purpose of reaching a unanimous verdict or to appease other jurors. A trial court does not err in failing to give a charge in the exact language requested where, as here, the charge given substantially and adequately covered the principles in the request. *Harrison v. State*, 257 Ga. 528 (4) (361 SE2d 149). Examining the trial court's instructions in their totality (*Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177)), we are satisfied that no error occurred when the trial court elected not to give appellant's request for additional charge.

4. "The need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court." *Peebles v. State*, 260 Ga. 165, 167 (5) (a) (391 SE2d 639). Following the *Allen* charge, the trial court inquired of the jury foreman whether the "problem" of the jury involved a question of fact or a question of law. After being advised that the problem involved "a question of law," the trial court informed the jury that if they desired further instructions or a recharge of instructions previously given to advise him and he would try to help "if you want that done" after discussing the matter in the jury room. By making this sua sponte inquiry, the trial court was acting prudently under the circumstances to discharge its duty to determine the jury's need, if any, for additional instructions. The inquiry by the trial court was not on its face coercive and did not interfere, unnecessarily or otherwise, with jury deliberations. Thus, the trial court did not abuse its discretion.

Appellant's other assertions in support of his four enumerations of error are without merit.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED MAY 17, 1991.

*James H. Dickey*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Grover W. Hudgins, Richard E. Hicks, Assistant District Attorneys*, for appellee.