## A99A1406. PACE v. THE STATE.
(521 SE2d 444)

JOHNSON, Chief Judge.

A jury found Willie Juan Pace guilty of seven counts of aggravated assault and possession of a firearm during the commission of a crime, one count of carrying a pistol without a license and one count of discharging a firearm near a public street. Pace appeals. We affirm.

Viewed in a light most favorable to support the jury's verdict, the record shows that following a basketball game, Pace walked outside the gym and was speaking with a friend. A group of men in two different vehicles pulled up and parked nearby. One of the men called Pace's friend over and spoke briefly with her. As Pace's friend was returning to speak with him, Pace drew out his pistol and began shooting at the group, which included nine people. He ran away from the gym while firing the shots. Prior to the shooting, no words had passed between Pace and the group. Pace had not been threatened in any manner, and no one in the group had a weapon.

Pace gave a statement to the police and testified at trial that a

passenger in one of the vehicles made faces at him and another reached down, picked up a gun and pointed it at him through the windshield. In response to this, Pace pulled out his pistol and shot as he ran away. Pace admitted he was guilty of carrying a firearm without a license.

Three shots fired by Pace struck the vehicle, one of which injured one of the vehicle's occupants. Another shot embedded in the heel of a shoe worn by one of the individuals at the scene.

1. Pace contends the trial court erred in charging the jury that criminal negligence could substitute for criminal intent as a basis for authorizing the jury to convict him of aggravated assault by use of a deadly weapon. We find no error.

The trial court charged the jury on aggravated assault and criminal intent. During the charge on criminal intent, the trial court informed the jury that criminal intent was an essential element of a crime and that intent could be found through a consideration of words, conduct, demeanor, motive and other circumstances. The court added that criminal intent is not an intent to violate a statute, but an intent to commit an act.

The trial court then charged on transferred intent. During this portion of the court's charge, the court stated:

> There are circumstances where a wanton or reckless state of mind is sometimes the equivalent of a specific intention to commit a crime, and which may and could be treated by the jury as amounting to such an intention, that is a criminal intent, when productive of violence that is likely to cause the destruction of life or serious bodily injury.

Pace contends this portion of the trial court's charge instructed the jury that criminal negligence could substitute for criminal intent.

It is true that criminal negligence cannot substitute for criminal intent. *Dunagan v. State*, 269 Ga. 590, 593 (2) (502 SE2d 726) (1998). However, considering the charge in its entirety, we find the elements were adequately explained to the jury with sufficient clarity so as not to mislead the jury. See *Smarr v. State*, 199 Ga. App. 572, 573 (4) (405 SE2d 561) (1991). This case differs dramatically from *Dunagan*. In *Dunagan*, the defendant and his victim frequently played with handguns by pointing the guns at each other and pulling the trigger. The defendant, believing the gun would not discharge, pointed a loaded revolver at his friend, pulled the trigger, and killed his friend. He did not know the firearm would discharge. Under such circumstances, the Supreme Court found that the trial court's charge substituting reckless conduct for specific intent was harmful error.

In the present case, Pace knew the gun was loaded and fired at a

group of people he claimed had threatened him. He relied on the defense of justification. Given that the trial court charged the jury on criminal intent and the crime of aggravated assault and did not mention intentional or reckless acts until its charge on transferred intent, we find no harmful error in the charge.

2. Pace contends the trial court erred in failing to charge the jury that aggravated assault against him by one of the victims[1] was the forcible felony he was relying upon for his defense of justification. We disagree.

The record shows that the trial court thoroughly charged the affirmative defense of justification. During this portion of the charge, the trial court defined the term forcible felony as a felony involving the use or threat of physical force or violence against a person. The trial court further instructed the jury:

> If you believe from the evidence that, at the time of the incident, the circumstances were such as to cause a reasonable belief on the part of the defendant that the imminent use of unlawful force was about to be used by the alleged victim upon or toward the defendant, which caused the defendant to reasonably believe that his life was in danger, or that he was about to suffer great bodily injury to himself, or that a forcible felony was about to be committed upon the defendant by the alleged victim, and the defendant really acted, not in a spirit of revenge, but under the influence of such belief at the time of the shooting, and that the defendant reasonably believed that the force he used was necessary to prevent the commission of a forcible felony or to prevent death or great bodily injury to himself, then the shooting would be justified under the law. . . .

Later, the trial court instructed the jury on the elements of aggravated assault in connection with the pending charges against Pace.

We find no error. The charge as a whole substantially presented all the requested issues in a manner not likely to confuse the jury. Aggravated assault was charged, just not in the form requested by Pace. Compare *Wiseman v. State*, 249 Ga. 559, 560 (5) (292 SE2d 670) (1982). The trial court's failure to quote the specific language requested by Pace does not amount to reversible error. See *Griffin v. State*, 199 Ga. App. 646, 648 (3) (b) (405 SE2d 877) (1991).

3. The trial court did not err in failing to give Pace's requested charge on the lesser included offense of pointing a gun at another.

---

[1] Pace argued that one of the occupants of the car had pointed a gun at him and that this amounted to an aggravated assault.

See OCGA § 16-11-102. There was no evidence that Pace merely pointed a gun at the group. Under the facts in this case, Pace either completed the offense of aggravated assault or committed no crime at all. See OCGA § 16-5-21 (a). Pace's requested charge on the lesser included offense was not warranted. See *Rowe v. State*, 266 Ga. 136, 139 (3) (464 SE2d 811) (1996); *Thomas v. State*, 226 Ga. App. 441, 444-445 (8) (487 SE2d 75) (1997).

4. Pace contends the trial court erred in sentencing him on the convictions for possession of a firearm during the commission of a crime because these offenses merged with the aggravated assault convictions. We disagree.

The legislature intended to impose additional punishment against an individual who uses a firearm during the commission of certain crimes, including aggravated assault, OCGA § 16-5-21. See OCGA § 16-11-106 (e); *Golden v. State*, 233 Ga. App. 703, 705 (2) (c) (505 SE2d 242) (1998). The trial court properly refused to merge the convictions for possession of a firearm during the commission of a crime and aggravated assault. Id.

5. Because discharging a firearm near a public street is not a lesser included offense of aggravated assault, the trial court did not err in refusing to merge the offenses during sentencing. *Laster v. State*, 178 Ga. App. 825, 826 (2) (345 SE2d 78) (1986); see also *Hawkins v. State*, 262 Ga. 193, 194 (3) (b) (415 SE2d 636) (1992).

6. Pace contends a conviction and sentence should have been entered only on four counts of aggravated assault because he fired his pistol only four times. This contention lacks merit.

OCGA § 16-5-21 (a) (2) provides in pertinent part: "[a] person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." The record shows that Pace fired his pistol into a group of nine people. Pace's act of firing his weapon into the group made each individual in the group a separate victim. The seven aggravated assault convictions of which Pace was found guilty do not merge because the offenses were committed upon different victims. See *Hall v. State*, 235 Ga. App. 44, 47 (5) (508 SE2d 703) (1998); *Harshaw v. State*, 134 Ga. App. 581, 582 (3) (215 SE2d 337) (1975). The trial court properly refused to merge any of Pace's aggravated assault convictions based solely on the number of shots fired.

7. Pace contends his trial counsel was ineffective in failing to offer any evidence in mitigation during the sentencing phase and in failing to request the court to merge certain convictions. This enumeration of error lacks merit.

In order to establish ineffective assistance of counsel, Pace must show both that his trial counsel's performance was deficient and a

likelihood that the deficient performance prejudiced his defense. *Zant v. Moon*, 264 Ga. 93, 97 (2) (440 SE2d 657) (1994). Trial counsel is presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, and judicial scrutiny of trial counsel's performance must be highly deferential. Id. As we stated in Divisions 4-6, Pace was not entitled to have any of his convictions merged. Thus, his trial counsel was not ineffective for failing to request the mergers.

As for the remainder of Pace's arguments regarding the fact that no evidence was introduced on his behalf at the sentencing hearing, "[t]his statement standing alone provides no prop for [Pace's] argument in the absence of a showing that such evidence was available, had been requested, and could have materially affected the outcome." *Brown v. State*, 179 Ga. App. 538, 539 (2) (346 SE2d 908) (1986). Pace has failed to show what mitigating evidence other than his first offender status should have been presented and how any such mitigating evidence would have changed the sentence entered by the trial court. Thus, he has failed to carry his burden of showing that he was prejudiced by trial counsel's performance. *Barber v. State*, 236 Ga. App. 294, 299 (5) (512 SE2d 48) (1999); see also *Zant*, supra at 99 (2); *Gaither v. Cannida*, 258 Ga. 557, 561 (2) (372 SE2d 429) (1988). Moreover, the record reveals that the trial court requested a presentence investigation by the probation department prior to sentencing Pace. Pace has failed to show that any such mitigating evidence, including his first offender status, was not included in that report. The trial court's finding that Pace received effective assistance of counsel was not error.

8. Pace argues the trial court erred in denying his motion for new trial based on insufficiency of the evidence. We disagree. The evidence was more than sufficient to authorize a rational trier of fact to find Pace guilty beyond a reasonable doubt of seven counts of aggravated assault and possession of a firearm during the commission of a crime. *Landers v. State*, 236 Ga. App. 368 (1) (511 SE2d 889) (1999); *Cheney v. State*, 233 Ga. App. 66, 69 (2) (503 SE2d 327) (1998). In addition, it is clear from the record that Pace was not old enough to obtain a license to carry a firearm. See OCGA § 16-11-129 (b) (1). Therefore, his conviction for carrying a pistol without a license was authorized. *Waugh v. State*, 218 Ga. App. 301, 302 (1) (460 SE2d 871) (1995).

Pace specifically contends that his conviction for discharging a firearm near a public street is insufficient because the state failed to prove the firearm was discharged within 50 yards of a public street. However, a police officer testified that Pace was standing 50 yards from a public street when he fired his weapon. This evidence was sufficient to authorize the jury's finding that Pace is guilty beyond a rea-

sonable doubt of discharging a firearm within 50 yards of a public street. See OCGA § 16-11-103; *Parker v. State*, 234 Ga. App. 137, 139 (2) (505 SE2d 784) (1998).

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 3, 1999.

*Allen & Forehand, Jon V. Forehand,* for appellant.

*J. David Miller, District Attorney, Charles M. Stines, A. Scott Gunn, Assistant District Attorneys,* for appellee.