## S03A1652. ALLEN v. THE STATE.

(591 SE2d 784)

HUNSTEIN, Justice.

Randy Allen was convicted of murder, felony murder, aggravated assault and possession of a firearm during the commission of a felony arising out of the shooting death of Dhavell Carter.[1] Allen appeals the denial of his motion for new trial contending that (1) the verdict was contrary to the evidence, (2) the State committed prosecutorial misconduct, and (3) trial counsel provided ineffective assistance. Finding no error, we affirm.

1. Evidence was adduced at trial that on July 15, 2000, Carter, Benjamin Kuku and Carter's cousin spotted Allen driving into the parking lot of an apartment complex they were visiting. Carter approached Allen and accused him of breaking his brother's car windows. Allen exited his vehicle and shot Carter twice with a revolver, the first in the chest and the second through Carter's left arm into his head. Both shots inflicted fatal wounds. Eyewitnesses testified that Carter was unarmed and no weapons were discovered at the scene by emergency personnel. After the shooting Allen fled on foot. At some point he sustained a gunshot wound to the bottom of his foot; he was arrested after seeking medical treatment at Grady Hospital.

Allen testified at trial that Carter had a gun in his hand as he approached him. He claimed he fired in self-defense and that Carter's cousin then used Carter's weapon to shoot Allen as he fled.

The evidence presented by the State was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that Allen did not act in self-defense in shooting Carter and that Allen was guilty of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Allen's contentions alleging prosecutorial misconduct present no reversible error. The first alleged instance involved the cross-examination of Allen in which the prosecutor questioned Allen why he made no mention to the police officer who detained him at Grady Hospital that he had been shot during the altercation with Carter. The transcript reveals that the trial court sustained Allen's objec-

---

[1] Allen was indicted November 3, 2000 in Fulton County on a ten-count indictment, six counts of which arose out of events occurring on July 9, 2000 and the remaining four counts (murder, felony murder, aggravated assault, and possession of a firearm during the commission of a felony) arising out of the murder of Dhavell Carter on July 15, 2000. The July 9, 2000 counts were dead docketed and a jury found Allen guilty on the remaining counts on October 3, 2001. He was sentenced that date to life in prison for the malice murder charge and a consecutive five years for the possession conviction. His motion for new trial, filed October 5, 2001 and later amended, was denied April 4, 2003. A notice of appeal was filed April 24, 2003. The appeal, docketed July 25, 2003, was submitted for decision on the briefs.

tions to the question and gave a curative instruction that was adequate to ensure a fair trial. Defense counsel neither objected to the curative instruction nor moved for a mistrial following issuance of the curative instruction. Accordingly, Allen has waived this issue on appeal. See *Kelly v. State*, 242 Ga. App. 30 (3) (528 SE2d 812) (2000). Allen's remaining claims of prosecutorial misconduct[2] are similarly not reviewable on appeal because Allen failed in each instance to object at trial. See *Carr v. State*, 275 Ga. 185 (2) (563 SE2d 850) (2002).

3. Allen raises five claims relating to ineffective assistance of counsel. The burden was on Allen to show that trial counsel's performance fell below a reasonable standard of conduct and that a reasonable probability exists that the outcome of the case would have been different but for the deficient performance of counsel. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782 (325 SE2d 362) (1985). Allen has failed to make the requisite showings.

(a) Allen contends that his counsel was ineffective for failing to move for a mistrial when the State questioned him about his post-arrest silence at trial. The transcript reveals that the State's inquiry into Allen's silence was neither manifestly intended to comment on his failure to testify nor was it of such character that it would prejudice the jury on his failure to testify. *LeMay v. State*, 265 Ga. 73 (4) (453 SE2d 737) (1995). Because the trial court sustained the defense's objection to the questioning and gave a curative instruction to the jury, Allen cannot show either that counsel's tactical decision not to move for a mistrial fell outside "the wide range of reasonably effective assistance [cit.]," *Jefferson v. Zant*, 263 Ga. 316, 320 (431 SE2d 110) (1993), or that he would have been granted a mistrial but for counsel's decision not to move for one.

(b) Given eyewitness testimony that the victim was either on the ground or falling at the time Allen shot him in the head and the medical examiner's acknowledgment that the victim's head wound was consistent with the victim being on the ground at the time the injury was inflicted, defense counsel was not ineffective for failing to object or request a mistrial when the prosecutor argued at closing that Allen slayed Carter with a fatal shot to the head as Carter lay helpless on the ground. See *Messick v. State*, 276 Ga. 528, 529 (580 SE2d 213) (2003) (during closing, counsel may draw reasonable inferences

---

[2] Allen's other claims of prosecutorial misconduct are based upon the State's summary and comment upon the medical examiner's testimony, the State's comment that Allen could not be justified in shooting Carter before Carter shot him, and the State's remark that Benjamin Kuku, the State's eyewitness to the shooting, had no reason to offer false testimony at trial.

or deductions from the evidence).

(c) We need not determine whether the prosecutor misrepresented the law of justification during closing argument because qualified jurors under oath are presumed to follow the instructions of the trial court, *Holmes v. State*, 273 Ga. 644 (5) (c) (543 SE2d 688) (2001), and Allen has not shown that the jurors were so confused or misled by the State's argument that they ignored the trial court's proper instructions setting forth the law of justification. Accordingly, Allen has failed to establish that defense counsel was ineffective for not objecting to the prosecutor's closing argument.

(d) The prosecutor's argument during closing that eyewitness Kuku had no reason to lie was in response to Allen's testimony on cross-examination that Kuku had lied; the comment did not constitute the prosecutor's personal opinion regarding the veracity of the witness.[3] See *Johnson v. State*, 271 Ga. 375 (15) (b) (519 SE2d 221) (1999); *Shirley v. State*, 245 Ga. 616 (1) (266 SE2d 218) (1980). Counsel may address during closing argument the possible motives for a witness's testimony. See *Head v. State*, 276 Ga. 131 (6) (575 SE2d 883) (2003). Defense counsel's performance was not deficient for failing to object to the prosecutor's argument.

(e) Allen contends his counsel was ineffective for failing to introduce evidence at trial about Carter's propensity for violence. Trial counsel testified that although he was aware of Allen's allegations of "bad blood" between the men, his investigation failed to locate any evidence to corroborate Allen's assertions and Allen presented no evidence other than his own testimony to support his claim. Accordingly, Allen failed to carry his burden of proving both that counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 12, 2004.

*Dell Jackson*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Peggy*

---

[3] The prosecutor argued in regard to the credibility of the witnesses who had testified at trial:

> Somebody is lying. Somebody did not tell the truth. . . . In looking at Mr. Allen's testimony you have a lot of things to look at. Does he have a reason to lie? Yes. Yes. Does Mr. Kuku have a reason to lie? I don't think so. He watched his best friend get shot. . . . Mr. Kuku has no reason to lie to you. He came in here and told you what he remembered about his friend being killed.

R. Katz, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General, for appellee.