A04A1297. WELLS v. THE STATE.
(601 SE2d 433)

ANDREWS, Presiding Judge.

Jerome Wells was found guilty by a jury of theft by receiving stolen property (a stolen handgun), and in a subsequent bifurcated proceeding, was found guilty by the same jury of possession of a firearm by a convicted felon. For the following reasons, we reverse the conviction for theft by receiving and affirm the conviction for possession of a firearm by a convicted felon.

1. Wells claims that the State failed to produce evidence sufficient to show that he knew the handgun in his possession was stolen.

Under OCGA § 16-8-7 (a), "[a] person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen. . . ." Thus, proof that Wells knew or should have known that the handgun at issue was stolen was an essential element of the offense.

The State produced evidence that on September 10, 2002, Wells attempted to pawn the stolen handgun at a pawnshop. At the request of the pawnshop, police checked the serial number on the handgun and discovered that it had been reported stolen on March 28, 1998. The owner, who lived about 150 miles from the pawnshop, testified that the gun had been stolen from his truck, but he did not know who stole it, and he had no knowledge as to the whereabouts of the handgun until he was notified by police that it had been recovered at the pawnshop. The pawnshop owner testified that Wells and another man, identified as Wells's brother, told her that they were given the handgun by their grandfather. A police officer testified that Wells gave him a statement admitting that he was pawning the gun at the request of his brother. Wells testified that he and his brother took the handgun to the pawnshop to pawn it, and that he had no knowledge about the theft of the handgun.

Proof of possession, alone, of recently stolen property is not sufficient to establish the essential element of the offense of theft by receiving stolen property that the possessor knew or should have known that the property was stolen. *Hurston v. State*, 202 Ga. App. 311, 312 (414 SE2d 303) (1991). But knowledge sufficient to establish

guilt may be inferred from possession in conjunction with other evidence of knowledge, and such guilty knowledge "may be inferred from circumstances which would excite suspicion in the mind of an ordinary prudent man." (Citation and punctuation omitted.) Id.

Applying these principles, we find that the evidence showed no more than possession of a stolen handgun, and showed no additional circumstances from which a jury could rationally infer that Wells knew or should have known that the handgun was stolen. *Shorts v. State*, 137 Ga. App. 314, 315 (223 SE2d 504) (1976). No inference of guilty knowledge can be drawn solely from the fact that Wells attempted to pawn the handgun, nor from the other circumstances shown, which were consistent with a lack of guilty knowledge. Id.; compare OCGA § 24-4-6. Accordingly, we reverse Wells's conviction for theft by receiving stolen property for lack of evidence to support the guilty verdict.

2. Wells does not contest his conviction for possession of a firearm by a convicted felon, and we find the State presented evidence in the bifurcated proceedings on this charge sufficient for the jury to find that Wells was a convicted felon who possessed a firearm in violation of OCGA § 16-11-131. Accordingly, we affirm the conviction on this charge.

3. Because we reversed the conviction and sentence for theft by receiving stolen property, we vacate the sentence imposed on the affirmed conviction for possession of a firearm by a convicted felon, and remand the case to allow the trial court to exercise its discretion to reimpose sentence in light of this opinion.

*Judgment affirmed in part and reversed in part and case remanded for resentencing. Miller and Ellington, JJ., concur.*

DECIDED JUNE 21, 2004.

*Martin H. Eaves*, for appellant.
*Richard E. Currie, District Attorney, Melanie J. Brogden, Assistant District Attorney*, for appellee.