## S05A1958. COLLIER v. THE STATE.
### (625 SE2d 757)

MELTON, Justice.

Bennie Collier was convicted of malice murder, felony murder while in the commission of an aggravated assault, and possession of a firearm by a convicted felon in the shooting death of Christopher Lewis. The trial court properly treated the felony murder count as surplusage and the aggravated assault count as having merged in the malice murder charge, see *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993), and sentenced Collier to life imprisonment for malice murder and to a consecutive five-year term for possession of a firearm by a convicted felon. He appeals from the denial of his motion for new trial, contending the evidence was insufficient to support his conviction and challenging the court's ruling that he was not denied effective assistance of counsel. Finding no error, we affirm.[1]

---

[1] The crimes occurred on September 4, 2001. Collier was indicted on December 11, 2001 in Fulton County. One felony murder count for which he was indicted was subsequently dead-docketed, and on October 22, 2002, Collier was found guilty on the remaining charges, and sentenced that same day. His motion for new trial filed on November 21, 2002, and amended on

1. Collier contends the evidence was not sufficient to authorize the verdict. Viewing the evidence in the light most favorable to the verdict, see *Harvey v. State*, 274 Ga. 350 (2) (554 SE2d 148) (2001), it shows that Collier approached Lewis' vehicle believing its occupants wanted to purchase crack cocaine from him. When Collier leaned into the vehicle, a passenger grabbed the cocaine, and Lewis sped off. The car stalled a few blocks down the street, and Collier ran to the car to retrieve the drugs. Lewis' companion returned the drugs to Collier, but unbeknownst to Collier, she hid one bag of crack in her pocket. Afterwards, when Collier discovered that all of the cocaine had not been returned, he ran back to Lewis' disabled vehicle. Collier pulled a gun and shot Lewis in the leg, knocking him to the ground. An eyewitness to the shooting testified that Lewis begged Collier not to shoot him again, but that Collier responded " I got to, man," and then fired a shot at point blank range into Lewis' head, causing his death.

The evidence adduced at trial was sufficient to authorize a rational trier of fact to find Collier guilty of the crimes charged beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Collier alleges that his trial counsel failed to provide effective legal assistance. In order to prevail on a claim of ineffective assistance of trial counsel, Collier must show that his attorney's performance was deficient and that, but for the deficient performance, a reasonable probability exists that the trial would have had a different outcome. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In making those showings, Collier must overcome the strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance. *Chapman v. State*, 273 Ga. 348 (2) (541 SE2d 634) (2001). The trial court concluded that Collier's constitutional right to effective counsel had not been violated, and, on review, we accept the factual findings and credibility determinations made by the trial court unless clearly erroneous, "but we independently apply the legal principles to the facts." *Boyd v. State*, 275 Ga. 772, 776 (3) (573 SE2d 52) (2002). Collier asserts his trial counsel's courtroom demeanor, in engaging in an argument with the prosecutor during her closing statement, so inflamed the jury that the jury was unable to consider the case in an unbiased manner. During his closing argument, when defense counsel paused to respond to an objection interposed by the prosecutor, he believed he witnessed the prosecutor attempt to display a document to the jury that the court had previously ruled inadmissible. Counsel became so

August 2, 2004, was denied on February 15, 2005. A notice of appeal was filed on February 16, 2005, docketed in this Court on August 8, 2005, and submitted for decision on the briefs.

infuriated with the perceived impropriety that he grabbed the document and threw it on the floor. Following the outburst, the court promptly excused the jury. When the jury returned to the courtroom, the court instructed the jurors to disregard the outburst, Collier's counsel apologized to the jury, and completed his closing argument. The following morning, the court denied Collier's motion for a mistrial based upon the prosecutor's conduct in attempting to publish inadmissible evidence to the jury.

Although Collier contends that the performance of his trial counsel so prejudiced his defense as to deprive him of a fair trial, our review of the record does not compel a finding that counsel was ineffective. The trial court controlled the proceedings, maintained the dignity of the courtroom, and gave a detailed curative instruction to the jury to not consider either counsel's disruptive conduct. Applying the *Strickland* standard, we find that, however unprofessional defense counsel's conduct might be, nothing in the record suggests that but for this isolated incident the outcome of the proceeding would have been different, as an " 'error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.' [Cit.]" *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 17, 2006.

*Patrick G. Longhi*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General, *Robin J. Leigh*, Assistant Attorney General, for appellee.