A07A1685. TURNER v. THE STATE.
(656 SE2d 235)

JOHNSON, Presiding Judge.

A jury found Tremayne Turner guilty of armed robbery, aggravated assault, criminal damage to property, and possession of a firearm during the commission of a crime. The trial court entered a judgment of conviction on the verdict, and sentenced Turner to serve twelve years for armed robbery, twenty years for aggravated assault, five years for criminal damage to property, and five years for possession of a firearm during the commission of a crime. The aggravated assault and criminal damage to property convictions were to run concurrently with the armed robbery conviction, and the possession of a firearm conviction was to run consecutively to the armed robbery conviction. Turner filed an appeal from the judgment of conviction, challenging the denial of his motion for a directed verdict of acquittal and the exclusion of certain trial testimony. We affirmed the convictions in an unpublished opinion.[1] Turner later filed a pro se "Motion to Vacate and Correct an Illegal Sentence or Alternatively to Merge Sentences." He appeals from the denial of the motion.

1. Turner contends the conviction for possession of a firearm during the commission of a crime (aggravated assault) should have merged with the aggravated assault conviction because the same evidence was used to prove both offenses. This argument presents no basis for reversal.

---

[17] *Williams,* supra.

[1] *Turner v. State,* Case No. A97A2206 (decided January 30, 1998).

The two crimes do not merge because, as we have noted in other cases, the legislature intended to impose additional punishment against a person who uses a firearm during the commission of certain crimes, including aggravated assault.[2] Thus, the trial court properly refused to merge the convictions for possession of a firearm during the commission of a crime and aggravated assault.[3]

Turner's reliance on *Cutkelvin v. State*[4] as requiring the firearm possession conviction to merge with the aggravated assault conviction is misplaced. We did not hold in that case that the possession of a firearm conviction merged with the aggravated assault conviction.[5] In fact, as discussed above, the law imposes additional punishment for conduct which violates both OCGA § 16-11-106 and other felony statutes. Specifically, OCGA § 16-11-106 (b) and (e) provide, in pertinent part, that a person who possesses a firearm during the commission of a felony commits a separate offense, that the offense is a felony punishable by five years in confinement, and that the sentence is to run consecutively to any other sentence received.[6] Accordingly, this enumeration is without merit.

2. Likewise, Turner's related contention that he was denied due process based on the trial court's failure to merge the two convictions presents no basis for reversal.

3. In a pro se "Reply Brief," Turner purports to raise two additional enumerations of error. Court of Appeals Rule 22 (a) provides that, pursuant to OCGA § 5-6-40, the enumeration of errors shall be filed within 20 days after the case is docketed. A long line of cases establishes that an appellant may not amend the enumeration of errors after the original filing time has expired.[7]

Turner's appeal was docketed in this Court on April 30, 2007. He filed his reply brief containing additional enumerations of error on June 26, 2007, nearly two months after his appeal was docketed. Since the brief at issue was filed more than 20 days after the appeal was docketed, the enumerations of error raised therein were untimely and will not be considered.[8]

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

---

[2] See *Powles v. State*, 248 Ga. App. 4, 5 (1) (b) (545 SE2d 153) (2001); *Pace v. State*, 239 Ga. App. 506, 509 (4) (521 SE2d 444) (1999).

[3] See *Bunkley v. State*, 278 Ga. App. 450, 457 (4) (629 SE2d 112) (2006); *Pace*, supra.

[4] 258 Ga. App. 691 (574 SE2d 883) (2002).

[5] Id. at 695 (4).

[6] See *Bunkley*, supra at 457 (4); *McKinney v. State*, 274 Ga. App. 32, 38 (3) (619 SE2d 299) (2005) (possession of a firearm during the commission of a felony does not merge with the predicate felony).

[7] See *Bryant v. State*, 288 Ga. App. 564 (655 SE2d 247) (2007), citing line of cases following this rule.

[8] See *Scott v. State*, 200 Ga. App. 481, 482 (4) (408 SE2d 495) (1991).

DECIDED JANUARY 7, 2008 

Tremayne C. Turner, *pro se.*

Leigh E. Patterson, *District Attorney,* John A. Tully, *Assistant District Attorney,* for appellee.