A08A1480. BEE v. THE STATE.
(670 SE2d 114)

JOHNSON, Presiding Judge.

Following a jury trial, Nora Isaac Bee, Jr., was convicted of two counts of violating a permanent protective order. Bee appeals the trial court's denial of his motion for a new trial, alleging (i) that the trial court erred in failing to hold a hearing on a special demurrer challenging the sufficiency of the indictment and (ii) that his trial counsel was ineffective. We discern no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[1] So viewed, the record shows that the trial court issued a temporary protective order prohibiting

---

[1] *Dumas v. State*, 239 Ga. App. 210, 210-211 (1) (521 SE2d 108) (1999).

Bee from approaching within 100 yards of his ex-wife and their minor daughter or to have any direct or indirect contact with his ex-wife. On March 10, 2005, as part of a custody order, the terms of that temporary protective order were made permanent.

Bee's convictions for violating the protective order were based on two separate incidents. First, on October 30, 2005, Bee's ex-wife and daughter were in the front yard of their home when Bee drove by with the car windows rolled down. Bee was honking the horn, hanging out of the car, and yelling. Then, in July or August 2006, Bee called his ex-wife's parents and attempted to have them pass along a message to her.

1. After Bee was charged with violating the protective order, he filed a special demurrer challenging the sufficiency of the dates alleged in the count relating to the phone call to his ex-wife's parents. Bee claims that the trial court erred in failing to hold a hearing on the demurrer. However, Bee's trial counsel testified at the motion for new trial hearing that the trial court conducted such a hearing and that she took notes on its outcome. Based on the evidence provided by Bee's trial counsel and the presumption in favor of the regularity of proceedings in courts of competent jurisdiction, we find that this enumeration of error is without merit.[2]

2. Bee also claims that he received ineffective assistance of counsel in that his trial counsel (i) failed to demand a hearing on the special demurrer and (ii) insufficiently interviewed a witness prior to trial.

To prevail on a claim of ineffective assistance of counsel, a defendant "bears the burden of showing both that trial counsel was deficient and that he was prejudiced by the deficiency."[3] Prejudice is shown by demonstrating "that a reasonable probability exists that the outcome of the case would have been different but for the deficient performance of counsel."[4] "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."[5]

Pretermitting whether trial counsel was deficient, Bee has failed to establish prejudice. First, as discussed in Division 1, supra, evidence demonstrated that the trial court conducted a hearing on Bee's special demurrer. As a result, Bee was not harmed if his trial counsel failed to demand that hearing.

---

[2] *Smallwood v. Mulkey*, 198 Ga. App. 496 (402 SE2d 99) (1991).

[3] *Welbon v. State*, 278 Ga. 312, 313 (2) (602 SE2d 610) (2004).

[4] (Citations omitted.) *Allen v. State*, 277 Ga. 502, 503 (3) (591 SE2d 784) (2004).

[5] (Citation omitted.) *Strickland v. Washington*, 466 U. S. 668, 691 (III) (B) (104 SC 2052, 80 LE2d 674) (1984).

In addition, the witness that Bee alleges was insufficiently interviewed testified that she had measured the distance between the home of Bee's ex-wife and the house down the street that Bee claimed to have been innocently visiting on the date he allegedly came within 100 yards of his ex-wife and daughter. That witness testified such distance was 9,375 feet, which is the equivalent of almost two miles, and she claimed on cross-examination that she had walked such distance in less than two minutes. At the motion for new trial hearing, trial counsel stated that she had spoken with the witness prior to trial and been present at the time of the measurement. Trial counsel acknowledged that she had not anticipated the witness' response, and she speculated that the witness meant to say that the distance was 9,375 *inches*, which would be approximately 260 yards.

Regardless of any confusion caused by the testimony of that witness regarding the distance between the two houses, however, Bee's wife testified that she and her daughter were in their front yard when Bee drove his car directly in front of their house. Bee's daughter became upset by seeing her father in front of her home and demanded that her mother call 911 immediately. Bee's ex-wife estimated that Bee was within five yards of her and her daughter as he drove by.

Given the testimony of Bee's ex-wife, the jury likely found that calculating the distance between the ex-wife's house and the house Bee claimed to be visiting was unrelated to its determination that Bee approached within 100 yards of his ex-wife and daughter. As a result, there is no reasonable probability that any failure by trial counsel to adequately interview the witness resulted in the jury's guilty verdict.[6]

3. In a pro se "Addition to . . . Brief . . . [,]" Bee seeks to raise at least six additional enumerations of error. Court of Appeals Rule 22 (a) provides that, pursuant to OCGA § 5-6-40, the enumerations of error shall be filed within 20 days after a case is docketed. An appellant may not raise additional enumerations of error after the expiration of that period. *Turner v. State*, 289 Ga. App. 103, 104 (3) (656 SE2d 235) (2008). Because Bee's "Addition to . . . Brief . . ." was filed over five months after his appeal was docketed, the additional enumerations of error raised therein were untimely and cannot be considered.[7]

---

[6] *Allen*, supra, at 503 (3).

[7] In addition, we note that Bee's "Addition to . . . Brief . . ." suggests that the trial court altered the transcript by removing an exchange between Bee's trial counsel and his ex-wife. In the allegedly removed exchange, Bee contends that his ex-wife was questioned about the warrant that she took out seeking his arrest. That testimony appears at page 51 of the

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 22, 2008.

*Thomas E. Csider*, for appellant.
*Robert D. James, Jr., Solicitor-General*, for appellee.

---

transcript, however, and reads almost verbatim to the way it is recalled by Bee in his pro se filing.