## A10A2295. WELCH v. THE STATE.
(705 SE2d 916)

MIKELL, Judge.

Nolan Renard Welch was convicted of armed robbery, aggravated assault, and possession of a firearm during the commission of a

---

felony, for which he was sentenced to 20 years in prison followed by 25 years on probation. On appeal from the denial of his motion for new trial, Welch contends that the trial court erred by failing to inquire into a hearing impaired juror's ability to understand the testimony and that his trial counsel rendered ineffective assistance by failing to raise the issue at trial. As these contentions are meritless, we affirm.

1. Welch argues that the trial court failed to inquire into the hearing impaired juror's ability to understand the testimony. Not only is this contention belied by the record, the issue has been waived by Welch's failure to raise it at trial.

The record shows that when qualifying the jury, the trial court inquired whether anyone suffered from a physical disability that would make it impossible for that person to serve. No one responded affirmatively. The jury was selected, and trial proceeded. During a recess in the state's case, the prosecutor informed the trial court that one of the jurors had reported to the bailiff that she wore hearing aids and was having some difficulty hearing the witnesses. The prosecutor asked whether the court wanted to offer the juror assisted hearing devices, but the court indicated that the devices were unavailable because they were being repaired. The court suggested that the bailiff arrange for the juror to sit in the seat closest to the witness box. The court also made certain that the microphone was working properly. Welch did not object to the trial court's actions.

On the following day, the trial court interrupted defense counsel's cross-examination of a witness when a deputy handed the judge one of the juror's hearing aids, which her husband had brought in. The juror indicated that she had dropped one of them on the way to court. Apparently, the juror was given her hearing aid, and trial resumed. Again, Welch made no objection to the trial court's actions. As a result, this issue has been waived. "A party may not complain on appeal of a ruling that he contributed to or acquiesced in by his own action."[1]

2. Welch complains that his trial counsel rendered ineffective assistance by failing to ask the trial court to inquire into the hearing impaired juror's ability to understand the testimony and by failing to ask that voir dire be recorded to enable a thorough investigation of the issue.

To prevail on a claim of ineffective assistance of counsel, a

---

[1] (Citation and punctuation omitted.) *Jackson v. State*, 284 Ga. App. 619, 626 (8) (644 SE2d 491) (2007) (by failing to object to the court's questioning of a juror, defendant waived contention that he was not tried by an impartial jury). Accord *Mintz v. State*, 273 Ga. App. 211, 212 (615 SE2d 152) (2005) (by failing to object to the disqualification of a juror, defendant waived the issue for appeal).

defendant "bears the burden of showing both that trial counsel was deficient and that he was prejudiced by the deficiency."[2] To show prejudice, a defendant must demonstrate "that a reasonable probability exists that the outcome of the case would have been different but for the deficient performance of counsel."[3] It is axiomatic that "an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."[4]

Pretermitting whether trial counsel was deficient, Welch has failed to establish prejudice. At the new trial hearing, Welch's trial counsel testified that she had no recollection of a hearing impaired juror. At the conclusion of the hearing, the trial court reviewed the actions it had taken with regard to the juror and presumed that she was able to hear better, either because she relocated herself or the witnesses spoke up. The court stated:

> I think that you can make a presumption that if the juror speaks up that I can't hear, they recognize it's important to be able to hear; and if they subsequently could not hear, they would have spoken up and say, Judge, I still cannot hear, we've got to do something. That did not happen. . . . I never saw jurors from the back row, as far away as 19 feet eight inches having trouble hearing.

"[T]here is a well established presumption in favor of the regularity and legality of all proceedings in the trial court until otherwise shown,"[5] and Welch has shown nothing to indicate that the juror was unable to hear the witnesses' testimony. Applying this presumption, and adhering to the rule that the trial court's factual findings and credibility determinations at a hearing on a motion for new trial must be accepted unless clearly erroneous,[6] we conclude that Welch has failed to establish that he suffered any harm from trial counsel's failure to ask that the trial court take any additional action with regard to the hearing impaired juror.

Finally, Welch has waived his claim that trial counsel was ineffective for failing to ask that voir dire be recorded, because appellate counsel did not raise this issue in her amended motion for new trial and did not argue it at the hearing. Although appellate

---

[2] (Footnote omitted.) *Welbon v. State*, 278 Ga. 312, 313 (2) (602 SE2d 610) (2004).

[3] (Citations omitted.) *Allen v. State*, 277 Ga. 502, 503 (3) (591 SE2d 784) (2004).

[4] (Citation and punctuation omitted.) *Collier v. State*, 280 Ga. 148, 150 (2) (625 SE2d 757) (2006).

[5] (Citation omitted.) *Merrill v. State*, 201 Ga. App. 671, 672 (1) (411 SE2d 750) (1991); see also *Bee v. State*, 294 Ga. App. 199, 200 (1) (670 SE2d 114) (2008).

[6] *Adams v. State*, 283 Ga. 298, 299 (3) (658 SE2d 627) (2008).

counsel mentioned at the hearing that voir dire was not taken down, she did not allege that trial counsel was ineffective on this ground until closing argument when she stated: "I would like to preserve for the record at the next level, assuming that the Court denies my motion, . . . that [trial counsel] was ineffective in failing to ask that the voir dire of the jury be taken down." This statement, without more, did not give the trial court an opportunity to rule on this ground. "In the absence of any ruling by the trial court on this issue, there is nothing for this Court to review,"[7] and this claim is deemed waived.

3. Lastly, Welch argues that trial counsel was ineffective because she failed to call him as a witness even though he told her he wished to testify. Welch thus asserts that his constitutional right to testify was violated.

The record does not support these assertions. Trial counsel testified that she held a conference with Welch concerning whether or not he should testify; that she listed the risks and benefits and gave him material to review on the issue; and that she printed out matters for him that she expected would arise during opening statements. Trial counsel testified that she and Welch jointly decided that he should not testify and that Welch did not inform her during trial that he wanted to testify. Welch testified that trial counsel told him that she would call him as a witness but never did so.

The trial court found that Welch was duly informed of his right to testify, made a conscious, informed decision not to testify, and never changed his decision. Although Welch claims that his testimony proves otherwise, "it is the function of the trial court at the hearing on the motion for new trial to determine witness credibility and to resolve any conflicts in the testimony. The evidence supports the trial court's finding that [Welch] was well aware of his right to testify, but made no such request of his attorney[ ]."[8] Welch has thus failed to "demonstrate that his counsel erroneously deprived him of his choice to testify in his own behalf, [or] that counsel's deficiency in this regard denied him a fair trial."[9] The trial court did not err in rejecting Welch's claim of ineffectiveness on this ground.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 15, 2011 — 

---

[7] (Citations and punctuation omitted.) *Nichols v. State*, 285 Ga. 784, 785 (2) (a) (683 SE2d 610) (2009).

[8] (Citation omitted.) *Mobley v. State*, 264 Ga. 854, 856 (2) (452 SE2d 500) (1995).

[9] (Citation omitted.) Id. at 857 (2).

*Barbara M. Collins*, for appellant.

*Tommy K. Floyd, District Attorney, Blair D. Mahaffey, Assistant District Attorney*, for appellee.