## S11A1904. BUTLER v. THE STATE.

(721 SE2d 889)

THOMPSON, Justice.

Appellant Curtis Butler appeals from the denial of his motion for new trial following his conviction for the malice murder of Dwayne Streeter and other related crimes.[1] Finding no error, we affirm.

1. Viewed in the light most favorable to the verdict, the jury was authorized to find that appellant and the victim were acquaintances who on a frequent basis bought and sold drugs from each other. On the day of the crimes, appellant and a co-defendant went to the victim's apartment under the guise of selling him drugs but with the intent to rob him in retaliation for his refusal to provide appellant with bond money after a recent arrest. The parties argued, and the victim was fatally shot in the chest while standing in his doorway. Appellant was questioned by police after witnesses saw two men running from the apartment and identified appellant's distinctive vehicle as the one seen leaving the crime. Friends of the victim told police the victim had been waiting for appellant at his apartment to make a deal. Appellant provided several inconsistent stories to authorities but ultimately admitted he was present at the drug deal at the victim's apartment.

Construed in the light most favorable to the verdicts, the evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by admitting evidence of his prior drug arrest as similar transaction evidence because the instances were not sufficiently similar. However, this claim of error has not been preserved for appeal. Although appellant objected to this evidence at a Uniform Superior Court Rule 31.3 hearing, he did

---

[1] The crimes occurred on May 23, 2007, and Butler was indicted by a Cobb County grand jury on October 30, 2008. After a jury trial held on December 1-9, 2008, a jury found Butler guilty of malice murder, felony murder (two counts), aggravated assault, criminal attempt to commit a violation of the Georgia Controlled Substances Act, and possession of a firearm during the commission of a crime. He was sentenced on January 2, 2009 to life in prison for malice murder, a consecutive 15-year sentence for the criminal attempt charge, and five years consecutive for the charge of possession of a firearm during the commission of a crime. The felony murder and aggravated assault convictions were merged and vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Butler filed a motion for new trial on January 2, 2009, which was amended on November 10, 2009, and denied on March 12, 2010, after a February 16, 2010 hearing. His notice of appeal was filed on April 5, 2010. The appeal was docketed to the September 2011 term of this Court and orally argued on November 8, 2011.

not do so on the ground now raised. It is well established that

> the failure of a defendant to object to the introduction of similar transaction evidence on the basis that the State has not made a sufficient showing and/or the trial court has not made the requisite findings as required by [Uniform Superior Court] Rule 31.3 (B) and our . . . decision in *Williams [v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991)] precludes appellate consideration of those issues. [Cit.]

*Riddle v. State*, 208 Ga. App. 8, 10 (430 SE2d 153) (1993). See also *Whitehead v. State*, 287 Ga. 242 (2) (695 SE2d 255) (2010); *Smith v. State*, 268 Ga. 42 (3) (485 SE2d 189) (1997); *Buckner v. State*, 219 Ga. App. 71 (2) (464 SE2d 11) (1995). See also *Hunter v. State*, 202 Ga. App. 195, 198 (3) (413 SE2d 526) (1991) ("nothing in . . . *Williams* suggests that the Supreme Court has determined to dispense with the long-standing rule that, to warrant appellate consideration, an objection to the admission of evidence must first have been raised in the trial court"). Accordingly, appellant's general objections that he had not yet been convicted of the similar crimes and that introduction of the similar transaction evidence would improperly place his character in issue did not preserve the alleged ground of error.

3. While testifying about appellant's arrest for the similar transaction, a GBI agent mentioned that during the investigation police identified appellant from a mug shot they received from the Cobb County Sheriff's office. There was no additional inquiry concerning the mug shot, and appellant did not object to the agent's mention of the photograph at the time of trial. On appeal, appellant contends the agent's reference to his mug shot from a previous arrest improperly placed his character into evidence. See OCGA § 24-2-2. Even assuming this issue has been preserved for appeal and the agent's testimony improperly placed appellant's character into evidence, we conclude the error was harmless based on the overwhelming evidence of appellant's guilt. See *Sharpe v. State*, 288 Ga. 565 (4) (707 SE2d 338) (2011) (introduction into evidence of mug shot relating to previous crime impermissibly places defendant's character into evidence). Compare *Fulton v. State*, 278 Ga. 58 (5) (597 SE2d 396) (2004) (witness' reference to fact that photograph of defendant was in police files prior to arrest for which he was being charged did not place character into evidence).

4. Appellant contends the trial court erred by admitting into evidence under the necessity exception to the hearsay rule the testimony of Durand Nichols and Evanda Buxton regarding statements made by the victim about his relationship with appellant. See OCGA § 24-3-1 (b).

Hearsay evidence is admissible under the necessity exception to the hearsay rule if: (1) the declarant of the statement is unavailable; (2) the declarant's statement is relevant and more probative of a material fact than other evidence that may be procured and offered; and (3) the statement exhibits specific indicia of reliability. *Mills v. State*, 287 Ga. 828 (3) (700 SE2d 544) (2010). In determining whether an out-of-court statement bears sufficient indicia of trustworthiness, we look at the totality of the circumstances. *Roper v. State*, 263 Ga. 201, 202 (429 SE2d 668) (1993). Whether a statement is trustworthy is a matter for the trial court's discretion, and the exercise of such discretion will not be overturned absent an abuse of discretion. *Myers v. State*, 275 Ga. 709 (2) (572 SE2d 606) (2002).

Although not challenged by appellant on this basis, we find the first and second prerequisites are satisfied here because the victim is deceased and unavailable to testify, the statements are relevant to show appellant's intent, motive, and bent of mind, and are more probative of these facts than other evidence that could be procured and offered. See *Watson v. State*, 278 Ga. 763, 765 (604 SE2d 804) (2004). With regard to the third prerequisite, appellant argues there was no evidence of a close relationship between the victim and the witnesses or that the victim placed great confidence in the witnesses and therefore, the statements lack the required indicia of reliability. We disagree. Nichols testified he had known the victim for five years. They were close friends who talked at least several times a day, often about personal matters. Nichols stated he considered the victim to be his "little brother." Similarly, Buxton testified he and the victim had been close friends for three or four years before the shooting. They lived just minutes apart, saw or spoke with each other every day, and knew each other's family members. Both witnesses stated they discussed personal and confidential matters with the victim, including the drug deals in which the victim was involved and the fact that the victim had a falling out with appellant after he refused to provide bond money. Based on the record evidence, we cannot say the trial court abused its discretion by concluding the testimony of Nichols and Buxton bore sufficient indicia of trustworthiness to be admissible under the necessity exception to the hearsay rule. See *Gibson v. State*, 290 Ga. 6 (717 SE2d 447) (2011); *McPherson v. State*, 274 Ga. 444 (10) (553 SE2d 569) (2001) (guaranty of trustworthiness shown by testimony that witnesses were close friends with victim who routinely confided in them with respect to personal matters).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 23, 2012.

*J. Scott Anderson, Richard L. Powell*, for appellant.

*Patrick H. Head, District Attorney, John R. Edwards, Jesse D. Evans, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sara K. Sahni, Assistant Attorney General,* for appellee.