## S13A0683. THORNTON v. THE STATE.

(741 SE2d 641)

BENHAM, Justice.

On January 1, 2008, Dennis Rogers was found with a gunshot wound to his head in the passenger seat of Edwin Wynn's car on a Newton County road. He died four days later as a result of that injury. Appellant Courtney Courtmentez Thornton was convicted of and sentenced for the malice murder of Rogers, the armed robbery of Wynn, theft by receiving a gun stolen in 2005 from a car in Rockdale County, possession of a firearm during the commission of a felony and, in a bifurcated proceeding, possession of a firearm by a convicted felon. Thornton has filed a timely appeal to this Court, and we affirm all the convictions except that for theft by receiving.[1]

1. (a) The State presented evidence that Rogers and Wynn drove to appellant's home in Wynn's car to purchase marijuana. Appellant entered the back seat of the car, and the trio proceeded to the home of appellant's cousin. Wynn testified that, while Wynn was driving, appellant shot the victim in the head and then put the gun against the right side of Wynn's neck and ordered him to stop the car and give him money. Wynn complied with the directives and, as he gave his money to appellant, entered the back seat of the car over the console and

---

[1] The victim was killed on January 1, 2008, and appellant was arrested in DeKalb County on January 5, 2008. The Newton County grand jury returned an indictment charging appellant with malice murder, two counts of felony murder (with aggravated assault and robbery as the respective predicate felonies), armed robbery, two counts of aggravated assault, theft by receiving, possession of a firearm by a convicted felon, and five counts of possession of a firearm during the commission of a felony. Appellant's trial commenced on June 1, 2009, and concluded on June 4, 2009, with the jury's return of guilty verdicts on all counts. The trial court vacated the felony murder convictions and sentenced appellant to life imprisonment for malice murder. The trial court merged the aggravated assault of victim Wynn into the armed robbery of Wynn and sentenced him to a consecutive term of 20 years' imprisonment. Appellant was sentenced to serve five years consecutive to the other sentences for possession of a firearm during the commission of a felony, with the remaining four convictions for that crime merging, and another five-year term, to be served consecutively, for possession of a gun by a convicted felon. Appellant was given a ten-year sentence, to be served consecutively, for theft by receiving stolen property. Appellant's motion for new trial, timely filed June 11, 2009, and amended June 23 and September 30, 2009, and June 15 and September 21, 2010, was denied July 9, 2012. A timely notice of appeal was filed on July 19, 2012, and the appellate record was filed in this Court on January 10, 2013, and docketed to the April 2013 term of court. The case was submitted for decision on the briefs.

struggled with appellant for control of the gun. During the struggle, a shot was fired through the front passenger window. Wynn gained control of the gun, fired it once when appellant grabbed him, then threw the gun out of the car into a wooded area and ran away. Appellant overtook Wynn and punched him, breaking his teeth. Wynn escaped and ran to a parking lot where he found a deputy sheriff and reported the events. After the jury returned its guilty verdicts on twelve of the thirteen counts of the indictment, the State presented evidence in the form of a certified copy of appellant's conviction in May 2000 for aggravated battery, and the jury found appellant guilty of being a convicted felon in possession of a firearm. The evidence was sufficient to authorize a rational trier of fact to conclude that appellant was guilty beyond a reasonable doubt of malice murder, armed robbery, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

(b) Appellant was convicted of theft by receiving the gun used to kill the victim and rob Wynn. The gun's owner testified that a stainless-steel Smith & Wesson .38 gun was stolen from her car in Rockdale County on August 3, 2005. The gun identified as that used in the crimes for which appellant was convicted was traced, via its intact serial numbers, to the gun owner, and she identified the gun as hers. OCGA § 16-8-7 makes it a crime to receive, dispose of, or retain stolen property which one "knows or should know was stolen. . . ." Proof that appellant knew or should have known the handgun was stolen is an essential element of the crime, and knowledge sufficient to establish guilt may be inferred from possession of recently-stolen property coupled with circumstances which would excite suspicion in the mind of an ordinary prudent person. *Wells v. State*, 268 Ga. App. 62 (1) (601 SE2d 433) (2004). However, proof of possession of recently-stolen property, alone, is not sufficient to establish that element. Id. While it was established at appellant's trial that the weapon used by appellant on January 1, 2008, had been stolen from the gun's owner 29 months earlier, there was no evidence from which a rational trier of fact could conclude that appellant knew or should have known the gun was stolen. Accordingly, appellant's conviction for theft by receiving must be reversed. Id.

2. Appellant contends he should be afforded a new trial because his trial counsel did not provide him with effective assistance when counsel failed to call appellant to testify and when counsel failed to object to testimony concerning the makeup of a photographic lineup.

To prevail on the claim, appellant

> must show counsel's performance was deficient and that the deficient performance prejudiced [appellant] to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

*Pruitt v. State*, 282 Ga. 30 (4) (644 SE2d 837) (2007).

(a) Appellant did not testify at trial and contends on appeal that he wanted to testify at his trial, but trial counsel did not call him as a witness despite knowing of his wish to testify.

> A criminal defendant has a constitutional right to testify in his or her defense, that right is personal to the defendant, and the decision whether to testify is made by the defendant after consultation with counsel. *Mobley v. State*, 264 Ga. 854 (2) (452 SE2d 500) (1995), citing *Rock v. Arkansas*, 483 U. S. 44 (107 SC 2704, 97 LE2d 37) (1987), and *United States v. Teague*, 953 F2d 1525 (11th Cir. 1992). Defense counsel bears the primary responsibility for advising the defendant of his right to testify or not to testify, the strategic implications of each choice, and that it is ultimately for the defendant himself to decide. This advice is crucial because there can be no effective waiver of a fundamental constitutional right unless there is an "intentional relinquishment or abandonment of a known right or privilege." [Cit.] *Mobley v. State*, supra, 264 Ga. at 856, quoting *Johnson v. Zerbst*, 304 U. S. 458, 464 (58 SC 1019, 82 LE 1461) (1938).

*State v. Nejad*, 286 Ga. 695 (1), n. 2 (690 SE2d 846) (2010). The trial transcript contains a colloquy between the trial judge and appellant after the State rested its case.[2] Thereafter, appellant stated he did not wish to testify, and the trial court found that appellant had made his decision not to testify with a complete understanding of his rights. At the hearing on appellant's motion for new trial, trial counsel testified that she had advised appellant that it was up to him to decide whether to testify and that she advised against it in light of his prior

---

[2] Appellant responded affirmatively to the trial judge's inquiries whether appellant understood that he had the right to testify; that no one could prevent him from testifying should he wish to do so and no one could compel him to testify should he choose not to testify; that it was he who was to decide whether or not he testified; that, upon proper request, the jury would be instructed that it could not hold against appellant his decision not to testify; and that he would be subjected to examination and cross-examination if he decided to testify.

felony convictions and her belief that the testimony he told her during trial he wished to present was, to a certain extent, contrary to the theory of the defense. Appellant testified at the hearing that he had wanted to testify in order to tell the jury that the gun used in the crimes belonged to Wynn and that appellant knew Wynn from having sold him crack cocaine. Appellant also stated at the hearing that trial counsel had told him he would receive five life sentences if he testified and that it was her decision whether he testified, and he said he had lied when he told the trial judge that he had decided not to testify.

At the conclusion of the hearing on the amended motion for new trial, the trial court found that trial counsel was not ineffective. At trial, the trial court had found that appellant had made the decision not to testify with a full understanding of his rights. Since appellant failed to satisfy the two-pronged test for establishing ineffective assistance — that his counsel erroneously deprived him of his choice to testify in his own behalf, and that counsel's deficiency in this regard denied him a fair trial — the trial court did not err in rejecting his claim of ineffectiveness on this ground. *Welch v. State*, 307 Ga. App. 857 (3) (705 SE2d 916) (2011). See also *Jones v. State*, 290 Ga. 576 (3) (722 SE2d 853) (2012) (any deficient performance by counsel with regard to advising appellant concerning the exercise of his right to testify was not prejudicial where the trial court had engaged in an extended on-the-record colloquy with the defendant concerning his right to testify which the defendant acknowledged he understood).

(b) During trial, a deputy sheriff testified that, knowing only the suspect's first name was "Courtney," he assembled several photographic lineups in 2008 using photos of persons named "Courtney" or with a street name of "C" who had been arrested in Newton County since 2002. The photographic lineups, including one that contained a photo of appellant, were introduced into evidence at trial. Appellant contends the testimony was impermissible evidence of appellant's bad character and that trial counsel was ineffective when she failed to voice an objection.

The introduction into evidence of a defendant's mug shot from a previous crime impermissibly places the defendant's character in issue. *Sharpe v. State*, 288 Ga. 565 (4) (707 SE2d 338) (2011). See also *Butler v. State*, 290 Ga. 425 (3) (721 SE2d 889) (2012). But see *Handley v. State*, 289 Ga. 786 (2) (b) (716 SE2d 176) (2011) (lead investigator's testimony that he collected "mug shots" of the defendant and others to aid in identifying those who were at the crime scene did not place appellant's character in issue). Assuming that trial counsel's failure to object constitutes deficient performance, we turn to the question of prejudice — is there a reasonable probability that, but for counsel's failure to object to the admission into evidence

of appellant's mug shot from an arrest for a previous crime, the outcome of appellant's trial would have been different? Inasmuch as there was testimony admitted without objection of appellant's bad character, i.e., that appellant was the purveyor of illegal drugs and was the person sought out by the victim and the surviving witness to provide illegal drugs on the night of the crimes, there is not a reasonable probability that the outcome of appellant's trial would have been different but for trial counsel's failure to object to the passing reference to appellant's prior mug shot. The trial court did not err when it concluded that appellant had not established ineffective assistance of counsel.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED APRIL 15, 2013.

*Brown & Gill, Angela B. Dillon,* for appellant.

*Layla H. Zon, District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason C. Fisher, Assistant Attorney General,* for appellee.