306 Ga. 670
FINAL COPY

S19A0688.  SEABROOKS v. THE STATE.

BENHAM, Justice.

Appellant DeAndre Demon Seabrooks was convicted of malice murder and related offenses arising out of the shooting death of Sariah Wilcoxson.[1]  On appeal, Seabrooks claims only that trial counsel was ineffective.  Finding no error, we affirm.

Viewed in a light most favorable to the verdicts, the evidence adduced at trial established as follows.  On the evening of January

---

[1] In September 2016, a DeKalb County grand jury indicted Seabrooks on the charges of malice murder, felony murder predicated on aggravated assault, felony murder predicated on possession of a firearm by a convicted felon, aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony.  Following a trial conducted in February 2017, a jury found Seabrooks guilty on all counts.  On February 16, 2017, the trial court sentenced Seabrooks to serve life in prison without the possibility of parole for malice murder and to two consecutive five-year terms of imprisonment for each weapons offense; the remaining charges were merged for sentencing purposes or vacated by operation of law.

Seabrooks filed a timely motion for new trial on March 6, 2017, which he amended in March and April 2018.  Following a June 2018 hearing, the trial court denied the motion as amended on July 5, 2018.  On July 18, 2018, Seabrooks filed a notice of appeal; this case was docketed to the April 2019 term of this Court and was thereafter submitted for a decision on the briefs.

11, 2016, Chasity Brawner and Billy Malcolm, both of whom had known Seabrooks for years, witnessed him fire what was described as a "long gun" or "military-style firearm" into the entrance of a DeKalb County apartment complex where the victim was standing. Brawner made eye contact with Seabrooks immediately after the shooting and observed him mouth the phrase, "They gone quit f*****g with me." Malcolm spoke to Seabrooks after the shooting, asking him, "What the hell are you doing?" Seabrooks was captured on video surveillance in the area just minutes later dressed as described by Brawner and Malcolm. The jury learned that Seabrooks had a longstanding feud with the victim's brother and that, on the night of the murder, the victim was dressed in oversized clothing and resembled her brother.

Ballistics evidence showed that the victim was killed with either an AK-47 or an SKS-style firearm — either of which, a firearms expert testified, fit the descriptions provided by Brawner and Malcolm — and ammunition associated with such a firearm was discovered in both an apartment and a vehicle connected to

2

Seabrooks. When officers attempted to arrest Seabrooks, he led them on a high-speed chase that had to be called off by police because young children were in the vehicle with him. Finally, the State presented recorded jailhouse telephone calls in which Seabrooks can be heard making arrangements with his cousin to pay Brawner to change her story.

1. Though not raised by Seabrooks as error, in accordance with this Court's standard practice in appeals of murder cases, we have reviewed the record and find that the evidence, as summarized above, was sufficient to enable a rational trier of fact to find Seabrooks guilty beyond a reasonable doubt of the crimes of which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. On appeal, Seabrooks argues only that trial counsel was ineffective in a variety of ways. However, his one page of claims includes no meaningful argument or analysis and no citations of relevant authority; instead, Seabrooks has simply presented this Court with what amounts to a list of allegations that trial counsel

3

was ineffective. These claims are deemed abandoned under Supreme Court Rule 22. See *Henderson v. State*, 304 Ga. 733, 739 (3) (f) (822 SE2d 228) (2018) (arguments pertaining to ineffective assistance of counsel deemed abandoned under Rule 22 where they were "each a single sentence long, provide[d] no citation to legal authority, and include[d] no legal analysis"). In any event, the claims are without merit.[2]

To succeed on a claim of ineffective assistance, an appellant bears the heavy burden of showing "both that his counsel performed deficiently and that, but for the deficiency, there is a reasonable probability that the outcome would have been more favorable." *Slaton v. State*, 303 Ga. 651, 652 (814 SE2d 344) (2018). See also *Strickland v. Washington*, 466 U. S. 668, 687, 694 (104 SCt 2052, 80 LE2d 674) (1984).

To prove deficient performance, one must show that his

---

[2] Two of Seabrooks' claims on appeal — that trial counsel should have interviewed Malcolm before trial and that trial counsel had an obligation to provide discovery to Seabrooks — were neither raised in his motions for new trial nor ruled on by the trial court. Accordingly, they are not preserved for appellate review. See *Wilson v. State*, 286 Ga. 141, 143-145 (4) (686 SE2d 104) (2009).

attorney performed at trial in an objectively unreasonable way considering all the circumstances and in the light of prevailing professional norms. Courts reviewing ineffectiveness claims must apply a strong presumption that counsel's conduct fell within the wide range of reasonable professional performance. Thus, decisions regarding trial tactics and strategy may form the basis for an ineffectiveness claim only if they were so patently unreasonable that no competent attorney would have followed such a course. If the defendant fails to satisfy either the "deficient performance" or the "prejudice" prong of the *Strickland* test, this Court is not required to examine the other.

(Citation and punctuation omitted.) *Slaton*, 303 Ga. at 652-653. "In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citations and punctuation omitted.) *Wright v. State*, 291 Ga. 869, 870 (734 SE2d 876) (2012).

(a) Seabrooks argues that trial counsel was ineffective for failing to object to references of "gang activity" during trial. Though he fails to reference any specific testimony, it appears that he is concerned with the following testimony from Malcolm: "I don't get into this type of stuff, all this gang banging and all this that they

5

have going on. I don't get into that. I'm in fear of being in here now because I don't know who out there might be in a gang with them." As trial counsel explained in his testimony at the hearing on the motion for new trial, this testimony was elicited on cross-examination and was non-responsive to trial counsel's actual question; trial counsel decided against objecting or moving to strike the testimony because it was not specific to Seabrooks and because he did not want to call attention to it. The trial court credited trial counsel's testimony in this respect and properly concluded that it was reasonable trial strategy. See *Gomez v. State*, 301 Ga. 445, 460 (801 SE2d 847) (2017) (recognizing that the "decision not to draw attention to [a] passing remark by making an objection is not so obviously unreasonable as to constitute deficient performance" (citation and punctuation omitted)).

(b) Seabrooks next argues that the State failed to lay a proper foundation for the admission of recorded jailhouse telephone calls and that trial counsel was ineffective for failing to object to the evidence. This claim is also without merit. Our new Evidence Code

6

"allows the admission of computer controlled audio recordings, such as jail phone calls, 'when the court determines, based on competent evidence presented to the court, that such items tend to show reliably the fact or facts for which the items are offered.'" *Smith v. State*, 300 Ga. 538, 540 (796 SE2d 666) (2017) (quoting OCGA § 24-9-923 (c)).

Here, the State presented testimony from one of its investigators concerning the telephone system in use at the DeKalb County Jail, how that system records telephone conversations, and how inmates are assigned a unique Personal Identification Number (PIN) to use the system. The investigator also testified that inmates attempt to circumvent the PIN system by using a PIN associated with another inmate but that the system tracks calls by outgoing numbers, too. The investigator testified that he located recorded telephone calls placed by Seabrooks using both Seabrooks' PIN and outgoing numbers; he also testified that, in some calls, Seabrooks would identify himself and that it was Seabrooks' voice in each recorded conversation. This testimony was sufficient for the trial

7

court to properly admit this evidence, see *Jones v. State*, 299 Ga. 40, 44-45 (4) (785 SE2d 886) (2016), and, thus, trial counsel was not ineffective for failing to lodge a meritless objection, see *Lupoe v. State*, 300 Ga. 233, 245 (8) (794 SE2d 67) (2016).

(c) Finally, Seabrooks contends that trial counsel "coerced [him] not to testify." As recognized by the trial court, however, the trial transcript reflects a lengthy and detailed colloquy concerning Seabrooks' decision against testifying, during which Seabrooks denied that his decision was coerced in any way, affirmed that his decision was voluntary, and affirmed that his decision was his own after consultation with trial counsel. Trial counsel testified at the hearing on the motion for new trial that, though he strongly counseled Seabrooks not to testify — explaining that he advised Seabrooks that he would be "eviscerated" on cross-examination and that his testimony would "guarantee us a loss" — he also squarely advised Seabrooks that the decision was ultimately Seabrooks' to make.

The trial court credited Seabrooks' responses during the

8

colloquy and trial counsel's testimony to conclude that Seabrooks' decision not to testify was his own.   Based on these findings, the trial court was authorized to find that trial counsel did not coerce Seabrooks' decision, and we agree with the trial court that counsel was not ineffective in this regard.   See *Thornton v. State*, 292 Ga. 796, 798-799 (2) (a) (741 SE2d 641) (2013).   See also *Clements v. State*, 299 Ga. App. 561, 564 (2) (683 SE2d 127) (2009) (trial counsel not ineffective where he advised client that she had a "better chance of being acquitted if she did not testify").

*Judgment affirmed.  All the Justices concur.*

DECIDED SEPTEMBER 3, 2019.
Murder. DeKalb Superior Court. Before Judge Flake.
*Thomas S. Robinson III*, for appellant.
*Sherry Boston, District Attorney, Deborah D. Wellborn, Assistant District Attorney; Christopher M. Carr, Attorney General,*

*Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Michael A. Oldham, Assistant Attorney General*, for appellee.